SERVOMATION CORPORATION, PLAINTIFF v. HICKORY CONSTRUCTION
COMPANY, DEFENDANT AND THIRD PARTY PLAINTIFF v. MILLER-BROOKS
ROOFING COMPANY, THIRD PARTY DEFENDANT

No. 298PA85

(Filed 6 May 1986)

**Arbitration § 2— arbitration not waived**

The defendant in a construction action did not waive arbitration by filing
an answer where there was no trial; there was no evidence that plaintiff had
lost helpful evidence or taken steps in litigation to its detriment; there was no
evidence to support allegations that plaintiff had incurred large expenses
answering defendant's interrogatories; plaintiff failed to demonstrate that the
judicial discovery procedures used by defendant or their equivalent would not
have been available in arbitration; and there was no evidence in the record
that plaintiff incurred increased expenses or was prejudiced in any way by be-
ing required to meet defendant's legal defenses as well as its demand for ar-
bitration at a summary judgment hearing. N.C.G.S. 1-567.3, N.C.G.S. 1-567.2(a).

ON discretionary review pursuant to N.C.G.S. § 7A-31 of the
decision of the Court of Appeals reported at 74 N.C. App. 603, 328
S.E. 2d 842 (1985), affirming its prior decision that defendant
waived its right to compulsory arbitration.

Plaintiff instituted an action alleging that defendant negli-
gently constructed the roof on plaintiff's warehouse and office
facility. On 28 April 1982 defendant filed an answer in which it
asserted several defenses, including plaintiff's failure to channel
its complaints through the architect and submit the dispute to ar-
bitration as required by the contract. Defendant also filed a third
party complaint against its subcontractor seeking indemnity and
served numerous interrogatories on plaintiff. On 4 May 1983 de-
fendant moved for summary judgment based on its defense that
the statute of limitations had run as well as on its procedural con-
tractual defenses. In the alternative defendant moved the trial
court to stay the legal action and compel plaintiff to arbitrate.
The trial court denied these motions and defendant appealed. The
Court of Appeals upheld the trial court's ruling on both grounds.
*Servomation Corp. v. Hickory Construction Co.*, 70 N.C. App. 309,
318 S.E. 2d 904 (1984). Defendant petitioned this Court for discre-
tionary review, and we remanded the action to the Court of Ap-
peals for reconsideration in the light of our decision in *Cyclone
Roofing Co. v. Lafave Co.*, 312 N.C. 224, 321 S.E. 2d 872 (1984).

*Servomation Corp. v. Hickory Construction Co.*, 312 N.C. 794, 325 S.E. 2d 632 (1985). On remand the Court of Appeals determined that defendant had waived its right to compel arbitration according to the terms of the contract.

*Rudisill & Brackett, P.A., by J. Richardson Rudisill, Jr., and Keith Bridges, for plaintiff-appellee.*

*Patrick, Harper & Dixon, by Stephen M. Thomas, for defendant-appellant.*

BRANCH, Chief Justice.

The sole question presented by this appeal is whether defendant waived its right to compulsory arbitration. We hold that it has not.

N.C.G.S. § 1-567.2(a) provides that an arbitration agreement is valid, enforceable and irrevocable unless the parties agree to the contrary.

The leading case on arbitration in North Carolina, *Cyclone Roofing Co. v. Lafave Co.*, 312 N.C. 224, 321 S.E. 2d 872, teaches that arbitration is a contractual right which may be waived. However, the mere filing of a complaint or answer does not result in waiver of arbitration absent evidence showing prejudice to the adverse party.

A party may be prejudiced by his adversary's delay in seeking arbitration if (1) it is forced to bear the expense of a long trial, (2) it loses helpful evidence, (3) it takes steps in litigation to its detriment or expends significant amounts of money on the litigation, or (4) its opponent makes use of judicial discovery procedures not available in arbitration.

There is a strong public policy favoring the settlement of disputes by arbitration, and doubts concerning the scope of arbitrable issues will be resolved in favor of the party seeking arbitration.

We note holdings from other jurisdictions, consistent with *Cyclone,* to the effect that a party waives arbitration when it engages in conduct inconsistent with arbitration which results in prejudice to the party opposing arbitration. *Maxum Foundations, Inc. v. Salus Corp.*, 779 F. 2d 974, 981 (4th Cir. 1985); *ATSA of*

*California, Inc. v. Continental Ins. Co.*, 702 F. 2d 172, 175 (9th Cir. 1983).

Applying these rules of law to the facts of instant case we initially observe that there has been no long trial. Further there is no evidence that plaintiff has lost helpful evidence or taken steps in litigation to its detriment.

Plaintiff most forcefully argues that it has been prejudiced by being required to answer numerous interrogatories posed by defendant.

A sizeable portion of the interrogatories were directed toward securing information related to the arbitration clause contained in the contract. Although plaintiff's counsel stated in oral argument before this Court that it had incurred large expenses in answering defendant's interrogatories, the record is barren of evidence supporting this statement. In any event, we are of the opinion that evidence of expenses related to defendant's interrogatories would have been irrelevant since plaintiff has failed to demonstrate that the judicial discovery procedures used by defendant, or their equivalent, would be unavailable in arbitration. Thus plaintiff might well have incurred the same expense during arbitration.

Likewise, we fail to see how plaintiff has been prejudiced by the fact that defendant argued its legal defenses during the hearing on its motion for summary judgment and at its argument in the Court of Appeals. There is no evidence *in the record* that plaintiff incurred increased expenses or was prejudiced in any way by being required to meet defendant's legal defenses as well as its demand for arbitration at the summary judgment hearing. Because the trial judge in ruling on defendant's summary judgment motion refused to stay the proceedings and order arbitration, defendant was entitled to argue its legal defenses as well as its demand for arbitration in the Court of Appeals.

The question of prejudice by delay would not be before us if either party had sought an early hearing on defendant's motion to stay the legal action and compel arbitration.

N.C.G.S. § 1-567.3(d) provides:

Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an ap-

plication therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

Strong public policy favoring settlement of disputes by arbitration requires us to resolve any doubts concerning the scope of arbitrable issues in favor of arbitration. We hold that plaintiff has failed to demonstrate such prejudice as would result in a waiver of defendant's right to arbitration.

The decision of the Court of Appeals is reversed and the case is remanded to that court with direction that it further remand the case to the superior court for entry of an order staying the legal action and ordering arbitration pursuant to the terms of the contract.

Reversed and remanded.