PHILLIP R. STURM v. DAVID W. SCHAMENS

No. 8921SC919

(Filed 19 June 1990)

**Arbitration and Award § 17 (NCI4th) — right to compel arbitration —
no implied waiver**

     Defendant stockbroker did not impliedly waive his right
to compel arbitration where plaintiff did not show that a long
trial had occurred, that plaintiff had lost any helpful evidence
by the delay in defendant's requesting arbitration, that plain-
tiff had taken steps in litigation to his detriment, or that
any other prejudice had occurred to him; furthermore, defend-
ant's participation in two earlier proceedings involving the
same controversy did not prejudice plaintiff where plaintiff
took voluntary dismissals in them, and refiling the action began
the case anew.

**Am Jur 2d, Arbitration and Award §§ 51, 52.**

APPEAL by defendant from an order entered by *Judge James
A. Beaty* in FORSYTH County Superior Court. Heard in the Court
of Appeals 3 April 1990.

Plaintiff Phillip Sturm filed this action seeking to recover for
unfair trade practices and damages for losses he suffered as a
result of an alleged unauthorized trade made by his broker, defend-
ant David Schamens. Defendant filed a motion to dismiss or, alter-
natively, to stay the case and compel arbitration. The court denied
defendant's motions and he appealed.

In 1984 plaintiff opened a securities account with Interstate
Securities Corporation ("Interstate") where Schamens was his broker.
At that time Sturm executed an Option Account Agreement, which
was signed by both parties. The Agreement provided that any
controversy between them would be settled by arbitration.

In May 1989 plaintiff filed this action alleging that on or about
23 December 1985 defendant made an unauthorized trade in plain-
tiff's securities account. Twice before, this controversy has been
dismissed in a legal proceeding. In January 1986 plaintiff filed
a cross-claim against Schamens in an action entitled *Alex. Brown
& Sons, Inc. v. Phillip R. Sturm and David W. Schamens* (86CVS5074).
The cross-claim sought damages allegedly resulting from the same

trade complained of here. Sturm took a voluntary dismissal of that cross-claim in May 1988. On 19 October 1987 Sturm filed an arbitration claim with the American Stock Exchange ("AMEX") against Interstate and Schamens. That claim also sought damages arising from the same acts forming the basis of this complaint. In November 1988 plaintiff withdrew the arbitration request.

*Robert D. Hinshaw for plaintiff appellee.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Jim W. Phillips, Jr., for defendant appellant.*

ARNOLD, Judge.

The first question for review is whether the interlocutory order denying defendant's Motion to Dismiss is properly before us. It is not. Defendant's appeal as of right is dismissed and his petition for Writ of Certiorari is denied. *See Flaherty v. Hunt*, 82 N.C. App. 112, 345 S.E.2d 426, *review denied*, 318 N.C. 505, 349 S.E.2d 859 (1986). None of the circumstances constituting an exception to the rule governing interlocutory actions are present here. *See id.* The appeal of this issue is premature.

The second question is whether Schamens waived his right to compulsory arbitration. The Option Agreement between Sturm and Schamens is an enforceable and irrevocable contract unless both parties agree otherwise or one party expressly or impliedly waives his right to arbitrate. *Servomation Corp. v. Hickory Construction Co.*, 316 N.C. 543, 342 S.E.2d 853 (1986); N.C. Gen. Stat. § 1-567.1 *et seq.* (1989). Plaintiff argues defendant impliedly waived his right to compel arbitration. We disagree.

To show that an implied waiver has occurred, the party resisting arbitration must demonstrate he was prejudiced by his adversary's delay in seeking arbitration. *Servomation*, 316 N.C. at 544, 342 S.E.2d at 854. For example, the party resisting arbitration must show the delay forced him to bear substantial expense in an earlier trial, lose helpful evidence or take some step in earlier litigation that would now cause him prejudice if compelled to arbitrate. A showing that the adversary used judicial discovery procedures not available in arbitration might demonstrate such prejudice. *Id.; Cyclone Roofing Co. v. David M. LaFave Co.*, 312 N.C. 224, 321 S.E.2d 872 (1984).

STURM v. SCHAMENS

[99 N.C. App. 207 (1990)]

Applying these rules, Sturm has failed to show the requisite prejudice. No long trial has occurred, nor has the plaintiff lost any helpful evidence or taken steps in litigation to his detriment. Plaintiff argues he was prejudiced by defendant's participation in the *Alex. Brown* litigation and the AMEX arbitration. Those matters, however, have no bearing on our determination. In both situations plaintiff took a voluntary dismissal. When a party has earlier taken a voluntary dismissal, refiling the action begins the case anew. *See Tompkins v. Log Systems, Inc.*, 96 N.C. App. 333, 335, 385 S.E.2d 545, 547 (1989), *review denied*, 326 N.C. 366, 389 S.E.2d 819 (1990). It is "as if the suit had never been filed." *Id*. Schamens' only action to date in the current case has been to file a Motion to Dismiss and to Compel Arbitration, neither of which unfairly prejudices plaintiff.

Furthermore, examination of the record reveals no specific acts by defendant in the earlier proceedings that will now prejudice Sturm. Plaintiff contends that evidence gathered in the *Alex. Brown* proceeding could be used in this legal action but might not be admissible in an arbitration proceeding. Yet, he offers no specific example of this claim. Since rules concerning the use of evidence in arbitration proceedings are more liberal than in courts of law, we refuse to assume that plaintiff has been prejudiced by evidence gathered in the earlier litigation. Plaintiff also contends that he spent $5,000 in legal fees on his cross-claim against Schamens in the *Alex. Brown* proceeding. However, this claim is not supported by the record, nor is it sufficient to support a finding of waiver.

The record does not support a finding of fact that plaintiff has been prejudiced by defendant's earlier actions. Therefore, defendant has not waived his right to compel arbitration. The Order denying defendant's motion to dismiss is upheld. The Order denying his motion to stay the case and compel arbitration is reversed.

Reversed.

Judges LEWIS and DUNCAN concur.