BRENT S. BENNISH, PLAINTIFF v. THE NORTH CAROLINA DANCE THEATER,
INC., DEFENDANT

No. 9126SC872

(Filed 3 November 1992)

1. **Arbitration and Award § 43 (NCI4th)— order denying arbitration — appealability**

    A trial court's order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed.

    **Am Jur 2d, Appeal and Error § 856.**

2. **Arbitration and Award § 6 (NCI4th)— personal services contract — transaction involving commerce — arbitration required**

    An employment agreement which contained an arbitration clause and which provided for plaintiff to perform as a dancer for defendant during one season was "a contract evidencing a transaction involving commerce" within the meaning of Section 2 of the Federal Arbitration Act, and the trial court therefore erred in failing to enter an order compelling arbitration, since a personal services contract which contemplates substantial interstate activity is a contract evidencing a transaction involving commerce, and the contract in question would have required plaintiff to tour outside North Carolina for eight weeks, giving 47 performances in twelve states during the season.

    **Am Jur 2d, Arbitration and Award § 42.**

    **Contract containing arbitration agreement as subject to the stay and enforcement provisions of the United States Arbitration Act — federal cases. 18 L. Ed. 2d 1685.**

3. **Arbitration and Award § 11 (NCI4th)— authority of trial court to substitute arbitrator**

    In a proceeding to compel arbitration of a contract dispute involving a dancer in defendant's company, the trial court is ordered to substitute a neutral third arbitrator to insure a fair and impartial hearing, since to allow defendant, pursuant to the contract, to have two representatives, a trustee and a staff member, would make the proceedings inherently unfair.

BENNISH v. N.C. DANCE THEATER

[108 N.C. App. 42 (1992)]

**Am Jur 2d, Arbitration and Award §§ 86, 87.**

**Disqualification of arbitrator by court or stay of arbitration proceedings prior to award, on ground of interest, bias, prejudice, collusion, of fraud of arbitrators. 65 ALR2d 755.**

APPEAL by defendant from order signed 14 May 1991 by *Judge Robert Lewis* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 17 September 1992.

On 30 May 1990, the parties entered a "1990-91 Employment Agreement" (the contract) for plaintiff to perform as a dancer for defendant during the 1990-91 season. Section III of the contract incorporated by reference the "North Carolina Dance Theater 1990-91 Dancer Guidelines" (the guidelines). The last section of the guidelines contained the following provision:

> 21. *ARBITRATION:* Any controversy or claim arising out of or relating to the ARTIST'S Employment AGREEMENT or the breach or interpretation thereof, may be settled by arbitration. Either the DANCE THEATER or ARTIST may demand arbitration in writing. Arbitration shall be by a committee of three (3): one member of the DANCE THEATER'S Board of Trustees, a dancers' representative, and a staff member, and shall not be held later than two (2) weeks following the date of a written request therefore. The decision of such committee shall be announced not later than one (1) week following the hearing, and shall be binding upon both parties.

On 27 July 1990, defendant terminated plaintiff's employment effective 14 August 1990. Defendant claims the termination occurred because the staff "determined that Bennish's levels of artistic ability, effort, and commitment were below the minimal requirements." Plaintiff claims he was terminated because of defendant's "inability to meet its financial obligations." Plaintiff demanded compensation; defendant countered on 24 October 1990 by sending plaintiff a letter demanding arbitration pursuant to the arbitration provision in the guidelines. Plaintiff refused arbitration and on 22 January 1991 filed a complaint in superior court alleging breach of contract and misrepresentation. On 21 March 1991, defendant made a motion in superior court to compel arbitration and stay the proceedings pending arbitration. Defendant's motion was denied on 14 May 1991. Defendant appeals.

**BENNISH v. N.C. DANCE THEATER**

[108 N.C. App. 42 (1992)]

*David F. Williams and Kenneth L. Harris for plaintiff-appellee.*

*Robinson, Bradshaw & Hinson, P.A., by J. Daniel Bishop, for defendant-appellant.*

EAGLES, Judge.

[1, 2] This is an interlocutory appeal arising from the denial of defendant's motion to stay the proceedings and compel arbitration. Initially, we note that a trial court's "order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed." *Prime South Homes v. Byrd*, 102 N.C. App. 255, 258, 401 S.E.2d 822, 825 (1991) (citing *Sims v. Ritter Constr., Inc.*, 62 N.C. App. 52, 302 S.E.2d 293 (1983)); G.S. §§ 1-277(a) (1983), 7A-27(d)(1) (1989). Defendant contends that the contract containing the arbitration clause is "a contract evidencing a transaction involving commerce" within the meaning of Section 2 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16 (1988 & Supp. III 1991). We agree and accordingly reverse the trial court and remand for an order compelling arbitration.

The FAA applies to the courts of North Carolina. *Board of Education v. Shaver Partnership*, 303 N.C. 408, 422, 279 S.E.2d 816, 825 (1981) ("The Federal Arbitration Act, by virtue of the Supremacy Clause [U.S. Const. Article VI, Clause 2], is, as discussed, part of North Carolina law."). There is a "strong public policy in North Carolina favoring arbitration." *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 229, 321 S.E.2d 872, 876 (1984); *Servomation Corp. v. Hickory Constr. Co.*, 316 N.C. 543, 544, 342 S.E.2d 853, 854 (1986).

Section 2 of the FAA provides in pertinent part:

A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

In *Board of Education*, 303 N.C. at 417-18, 279 S.E.2d at 822, our Supreme Court set forth the following factors in determining whether a personal services contract was controlled by the FAA:

BENNISH v. N.C. DANCE THEATER

[108 N.C. App. 42 (1992)]

As *Erving [v. Virginia Squires Basketball Club*, 468 F.2d 1064 (2d Cir. 1972)] . . . make[s] clear, a personal service contract which contemplates substantial interstate activity is a contract evidencing a transaction involving commerce within the meaning of the act. We agree with the approach suggested by Judge Lumbard, concurring in *Metro Industrial Painting Corp. v. Terminal Construction Co.*, 287 F.2d 382 (2d Cir. 1961), *cert. denied*, 368 U.S. 817 (1961):

> "The significant question, therefore [in determining whether a contract evidences a transaction involving commerce], is not whether, in carrying out the terms of the contract, the parties *did* cross state lines, but whether, at the time they entered into it and accepted the arbitration clause, they *contemplated* substantial interstate activity. Cogent evidence regarding their state of mind at the time would be the terms of the contract, and if it, on its face, evidences interstate traffic . . . the contract should come within § 2. In addition, evidence as to how the parties expected the contract to be performed and how it was performed is relevant to whether substantial interstate activity was contemplated." 287 F.2d at 387. (Emphasis original.)

Here, the guidelines contained a clause limiting travel by bus or automobile to no more than ten hours per day and a clause explaining air travel. Additionally, defendant presented the affidavit of Salvatore A. Aiello, defendant's artistic director, which included an undisputed statement that defendant toured outside North Carolina for eight weeks and gave 47 performances in 12 states during the 1990-91 season. Accordingly, we hold that the FAA is applicable because there is sufficient evidence that the contract contemplated substantial interstate activity. Section 21 of the guidelines, incorporated by reference into the contract, expressly provides that either party "may demand arbitration in writing." Defendant made this demand in writing on 24 October 1990.

[3] Finally, we hold that the trial court has the authority to substitute a neutral third arbitrator to insure a fair and impartial hearing. The guidelines provide that the arbitration committee shall be composed of three members: (1) a member of defendant's board of trustees, (2) a collectively appointed dancers' representative, and (3) one of defendant's staff members. To allow defendant to have two representatives, a trustee and a staff member, would

make the proceedings inherently unfair and would tip the balance decidedly in favor of defendant. Accordingly, the trial court is to substitute a neutral third arbitrator for one of the defendant's representatives.

We direct the substitution of a neutral arbitrator in the interest of judicial economy and to preserve the purposes of the Federal Arbitration Act. A trial court's authority to appoint a neutral arbitrator is "inherent when the potential bias of a designated arbitrator would make arbitration proceedings [under the FAA] simply a prelude to later judicial proceedings challenging the arbitration award." *Masthead Mac Drilling Corp. v. Fleck*, 549 F.Supp. 854, 856 (S.D.N.Y. 1982) (citing *Erving*, 468 F.2d at 1067 & n.2 (2d Cir. 1972)); *see generally* Annotation, *Interest or Bias of Arbitrator*, 56 A.L.R.3d 697 (1974 & Supp. 1992). The court emphasized in *Erving*, 468 F.2d at 1067-68, that "the federal law is to be implemented in such a way as to make the arbitration effective and not to erect technical and unsubstantial barriers such as were the mode in the early days when arbitration was viewed by many courts with suspicion and hostility." *See Board of Education*, 303 N.C. at 415-18, 279 S.E.2d at 821-22 (favorably citing *Erving*). We note that the arbitration clause here appears to have been nothing more than standard boilerplate in the guidelines, consisting of 9 pages and 21 different sections, which were incorporated by reference into the three page employment contract. It is doubtful that plaintiff could have negotiated the selection of arbitrators before accepting employment with defendant. *Compare Thomas v. Howard*, 51 N.C. App. 350, 354, 276 S.E.2d 743, 746 (1981) (non-FAA case holding that where parties separately bargain for arbitration *after* a dispute develops, "the disability of an arbitrator is waived if the complaining party had prior knowledge of it.").

We hold that the trial court erred and that the contract must be submitted to arbitration pursuant to the FAA. Accordingly, the decision of the trial court is reversed and the case remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges JOHNSON and PARKER concur.