LAURA HACKETT, Plaintiff v. THERESA J. BONTA, Defendant

No. 924SC1147

(Filed 21 December 1993)

**Arbitration and Award § 14 (NCI4th)— automobile accident—liability coverage—UIM coverage—motion to compel arbitration**

The trial court erred by denying plaintiff's motion to compel arbitration and in granting defendant's motion to stay arbitration where both plaintiff and defendant have automobile liability insurance policies with State Farm; plaintiff was a passenger in defendant's vehicle when defendant drove across the center line of a highway and struck another vehicle, injuring two of its passengers; plaintiff suffered injuries allegedly causing approximately $20,000.00 in medical expenses and approximately $388,000.00 in other damages; plaintiff informed State Farm that her injuries exceeded the limits of defendant's liability policy and that she would proceed against her underinsured coverage; plaintiff filed a complaint against defendant alleging negligence; settlement offers were exchanged; plaintiff demanded arbitration under her UIM policy and State Farm refused to arbitrate. A provision under plaintiff's UIM policy specifically stated that "We [State Farm] will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements . . ."; prior to the time plaintiff filed suit against defendant, State Farm had refused plaintiff's demands for settlement in the amount of $25,000.00 under defendant's liability policy; plaintiff filed suit against only defendant Bonta on 29 August 1990; thereafter, plaintiff made repeated demands for payment under defendant's liability policy, all of which were declined by State Farm; plaintiff could not reasonably assume that the limits of defendant's policy ($25,000.00) had been exhausted until the 17 February 1992 offer (of $75,000.00) because State Farm assigned

HACKETT v. BONTA

[113 N.C. App. 89 (1993)]

one attorney to handle both claims; and the arbitration rights under plaintiff's UIM policy were not triggered prior to State Farm's 17 February 1992 offer. Plaintiff's demand for arbitration was not untimely or unreasonably delayed by plaintiff.

**Am Jur 2d, Arbitration and Award § 71 et seq.**

Appeal by plaintiff from orders entered 27 July 1992 and 26 August 1992 by Judge George R. Greene in Onslow County Superior Court. Heard in the Court of Appeals 7 October 1993.

Both plaintiff and defendant have automobile liability insurance policies with State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"). State Farm insures defendant Theresa J. Bonta, the driver, pursuant to a personal automobile policy with liability limits of $25,000.00/$50,000.00. Plaintiff Laura Hackett, a passenger in defendant Bonta's vehicle, has $100,000.00 in uninsured/underinsured (UM/UIM) coverage for each of her two vehicles under a personal automobile policy with State Farm.

On the evening of 17 February 1990, plaintiff was a passenger in defendant's vehicle. While driving near Wilmington, defendant drove across the center line of the highway and struck another vehicle, injuring two of its passengers. As a result of the collision, plaintiff suffered injuries allegedly causing approximately $20,000.00 in medical expenses and approximately $388,000.00 in other damages.

By a letter dated 30 March 1990, plaintiff's counsel informed State Farm that "this claim will be worth more than $25,000," referring to the limits of defendant's liability policy. By a letter dated 6 April 1990, plaintiff's counsel described plaintiff's injuries, stated that these "injuries exceed[ed] the $25,000.00 insurance available" under defendant's policy, and inquired as to "the extent of the other parties' injuries." By a letter to State Farm dated 15 June 1990, plaintiff's counsel stated that "our client's injuries are well in excess of the $25,000 and for that reason [we] wish to settle this claim so we may proceed against our client's underinsured coverage." The record does not contain a reply by State Farm. By a letter dated 20 July 1990, plaintiff's counsel again demanded payment in the amount of $25,000.00 under defendant's policy. Plaintiff also stated that there was $200,000.00 in coverage under plaintiff's UIM policy and that documentation for that claim

was being gathered pursuant to State Farm's request. The record reflects that throughout this time, State Farm had assigned one insurance adjuster to negotiate both the claim against defendant's liability policy and the claim against plaintiff's UIM policy. Plaintiff's counsel informed State Farm *inter alia* in the 20 July 1990 letter that assigning one adjuster for both claims was a conflict of interest impeding the settlement process. By a letter dated 27 July 1990, State Farm, referring to plaintiff's 15 June 1990 and 20 July 1990 demand letters, informed plaintiff's counsel that it needed more information regarding plaintiff's claim and that

> [w]e do not feel that we have a conflict since we do not as a company subrogate against our own insureds when we make payments under the underinsured motorist coverages for another State Farm insured. As of July 27, 1990 [State Farm's] Wilmington [office] still does not have the information necessary to evaluate the two claims in that area. If it is necessary for us to exhaust the liability limits under the Bonta policy to conclude the two claims in Wilmington we will do so, and this will obviously increase State Farm's liability to your client under her own underinsured motorist coverage as there will be no offset or the offset will be less than some prorated amount.

On 30 July 1990, State Farm retained attorney Glenn Bailey.

On 29 August 1990, plaintiff filed a complaint against defendant Bonta alleging negligence. Mr. Bailey filed an answer on defendant's behalf denying negligence and demanding a jury trial. Both parties conducted discovery. Trial was scheduled for 16 March 1992.

By a letter dated 17 February 1992, Mr. Bailey forwarded plaintiff's counsel a letter stating as follows:

> RE: Laura Hackett v. Theresa J. Bonta
>     In the Superior Court of Onslow County,
>     Civil File No. 90-CVS-2200

> Dear Dick [A. Mu, plaintiff's counsel]:

> With this letter we are offering $75,000.00 in settlement of the above case. If this is rejected, we would welcome a more realistic demand.

This letter did not specify the policy under which State Farm was offering settlement, though the amount offered exceeded the maximum payable to one victim pursuant to defendant's liability

policy. An affidavit submitted by plaintiff's counsel states that this was State Farm's "first offer to settle this matter." On 14 March 1992, plaintiff's counsel transmitted to Mr. Bailey a letter rejecting the offer, offering a covenant not to execute judgment in excess of defendant Bonta's insurance coverage in return for $25,000.00 (defendant's liability policy limits), complaining of Mr. Bailey's conflict of interest, setting forth a counteroffer in the amount of "$165,000.00 as a compromise settlement under the UIM coverage of her [plaintiff's] policy," and stating that "[i]f State Farm is not willing to settle for $165,000.00 we demand arbitration of all issues of Laura Hackett's [plaintiff's] right to damages pursuant to her policy." In demanding arbitration for the UIM claim, the provision upon which plaintiff relied reads as follows:

PART C—UNINSURED MOTORISTS COVERAGE—COVERAGE U

. . . .

ARBITRATION

If we and an *insured* do not agree:

1. Whether that person is legally entitled to recover damages under this Part; or

2. As to the amount of the damages;

the *insured* may make a written demand for arbitration. In this event, arbitration will be conducted in accordance with the Rules of the American Arbitration Association. Judgment on the award decided by the arbitrators may be entered in any court having jurisdiction. Each party agrees the arbitration award is binding.

If an *insured* elects not to arbitrate:

1. Our liability will be determined only in a legal action against us; and

2. We may require the *insured* to join the owner or operator of the vehicle as a party defendant. We may not require this in any action to determine if a vehicle is an *uninsured motor vehicle*.

. . . .

Note: The following endorsement applies when the endorsement number appears in the declarations.

**HACKETT v. BONTA**

[113 N.C. App. 89 (1993)]

6273CC.4 Uninsured/Underinsured Motorists Coverage—
North Carolina
(Coverage U1)

. . . .

I. Part C. is amended as follows:

A. The following is added to the first paragraph of the Insuring Agreement:

We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements, unless we:

> 1. Have been given written notice in advance of a settlement between an *insured* and the owner or operator of the *uninsured motor vehicle*, as defined in Section 5 of the definition of *uninsured motor vehicle*; and

> 2. Consent to advance payment to the *insured* in the amount equal to the tentative settlement.

State Farm refused to arbitrate. On 16 March 1992, plaintiff filed a motion to compel arbitration and filed a motion for a continuance of the trial due to defendant's disclosure of "an expert witness during the week prior to trial which surprised plaintiff and did not allow her sufficient time to take a discovery deposition of said witness." A hearing for both motions was scheduled for 30 March 1992. On 30 March 1992, the trial court granted plaintiff's motion for a continuance. Though the record is unclear, Mr. Bailey's affidavit states that on that same date plaintiff withdrew the motion to compel arbitration "without hearing" and subsequently "file[d] suit against the carrier, the prayer of which was only that arbitration be compelled, and later took a voluntary dismissal of that suit." The affidavit of plaintiff's counsel states that "[n]o decision was made [sic] in the motion to compel arbitration, and it was re-calendared for July 27, 1992. Plaintiff filed a separate action to compel arbitration after defendant refused to arbitrate. However, when plaintiff learned that the AAA [American Arbitration Association] would proceed with arbitration without an order to compel, plaintiff dismissed this case. . ." Mr. Bailey's affidavit states that plaintiff filed a written demand for arbitration with the AAA and that defendant objected to the scheduling of arbitration.

HACKETT v. BONTA

[113 N.C. App. 89 (1993)]

On 15 June 1992, State Farm, through William R. Cherry, Jr., as counsel, filed notice of its "appearance pursuant to the terms and conditions of G.S. 20-279.21(b)(4) as an unnamed party, though not named in the caption of the pleadings, and electing to defend in the name of the named defendant without appearing as a party herein." Plaintiff claims that on that same day "State Farm, as the UIM carrier, also served on plaintiff a motion to stay arbitration with no reference to affidavits in support of its motion." Plaintiff claims that thirty-five days later State Farm mailed affidavits to plaintiff in support of its motion to stay arbitration and that the affidavits were not received until nine days following their mailing, which was two days after the hearing was held. Plaintiff contends that these affidavits contain allegations which are erroneous and which were prejudicial to her motion to compel arbitration.

On 27 July 1992, the trial court entered an order granting State Farm's motion to stay arbitration and denying plaintiff's motion to compel arbitration. Plaintiff filed a motion to reconsider the 27 July 1992 order, alleging that she had an inadequate opportunity under G.S. 1A-1, Rule 6(d) and (e) to respond to State Farm's affidavits. On 26 August 1992, the trial court denied plaintiff's motion for reconsideration. Plaintiff appeals.

*Brumbaugh & Mu, by Richard A. Mu, for plaintiff-appellant.*

*Marshall, Williams & Gorham, by William Robert Cherry, Jr., for defendant-appellee State Farm Mutual Automobile Insurance Company.*

*Hamilton, Bailey, Way & Brothers, by Glenn S. Bailey, for defendant-appellee Theresa J. Bonta.*

EAGLES, Judge.

Plaintiff appeals from the trial court's 27 July 1992 and 26 August 1992 orders. After careful review, we reverse and remand for entry of an order compelling arbitration.

I.

In her first two assignments of error, plaintiff contends that the trial court committed reversible error in denying plaintiff's motion to compel arbitration and in granting defendant's motion to stay arbitration "on the grounds that plaintiff's insurance con-

tract with defendant State Farm Mutual Insurance Company grants plaintiff a contractual right to arbitrate." We agree.

This is an interlocutory appeal arising from the denial of plaintiff's motion to stay the proceedings and compel arbitration. Initially, we note that a trial court's " 'order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed.' " *Bennish v. N.C. Dance Theater*, 108 N.C. App. 42, 44, 422 S.E.2d 335, 336-37 (1992) (*quoting Prime South Homes v. Byrd*, 102 N.C. App. 255, 258, 401 S.E.2d 822, 825 (1991) ); *Sims v. Ritter Constr., Inc.*, 62 N.C. App. 52, 302 S.E.2d 293 (1983); G.S. 1-277(a); G.S. 7A-27(d)(1).

Our Supreme Court has held that:

> Waiver of a contractual right to arbitration is a question of fact. *E.g., Davis v. Blue Cross of Northern California*, 25 Cal. 3d 418, 158 Cal. Rptr. 828, 600 P.2d 1060 (1979); *Doers v. Golden Gate Bridge Etc. Dist.*, 23 Cal. 3d 180, 151 Cal. Rptr. 837, 588 P. 2d 1261 (1979). Because of the strong public policy in North Carolina favoring arbitration, *see* N.C. Gen. Stat. § 1-567.3 (1983); *Thomas v. Howard*, 51 N.C. App. 350, 355-56, 276 S.E.2d 743, 747 (1981), courts must closely scrutinize any allegation of waiver of such a favored right. *See Keating v. Superior Court*, 31 Cal. 3d 584, 183 Cal. Rptr. 360, 645 P.2d 1192 (1982), *dismissed in part and rev'd in part on other issues sub nom. Southland Corp. v. Keating*, 465 U.S. 1, 79 L.Ed.2d 1 (1984); *Doers v. Golden Gate Bridge Etc. Dist.*, 23 Cal. 3d 180, 151 Cal. Rptr. 837, 588 P.2d 1261. *See also Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 74 L.Ed.2d 765, 785 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."). Because of the reluctance to find waiver, we hold that a party has impliedly waived its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration. *See, e.g., Carolina Throwing Co. v. S & E Novelty Corp.*, 442 F.2d 329, 331 (4th Cir. 1971) (" 'waiver . . . may not rest mechanically on some act such as the filing of a complaint or answer but must find a basis in prejudice to the objecting party' ") (quoting

*Batson Y. & F. M. Gr., Inc. v. Saurer-Allma GmbH-Allgauer M.,* 311 F. Supp. 68, 73 (D.S.C. 1970)).

*Cyclone Roofing Co. v. LaFave Co.,* 312 N.C. 224, 229, 321 S.E.2d 872, 876 (1984) (footnote omitted). *See also Servomation Corp. v. Hickory Constr. Co.,* 316 N.C. 543, 544, 342 S.E.2d 853, 854 (1986); *Bennish,* 108 N.C. App. 42, 422 S.E.2d 335. Here, our close scrutiny leads us to conclude that given the terms of plaintiff's policy with State Farm and given State Farm's actions, plaintiff's demand for arbitration of her UIM claim was timely made.

State Farm contends that because plaintiff filed suit against defendant Bonta (another State Farm insured) several months prior to her (plaintiff's) written demand for arbitration, she thus nullified the effect of her demand to arbitrate under the terms of her own UIM policy. We disagree.

We note that plaintiff has two potential claims under two separate State Farm policies: the first is a claim against *defendant Bonta's* personal automobile liability policy with State Farm, while the second is a claim arising under the UIM coverage of her (plaintiff's) own personal automobile policy with State Farm. We further note that despite the existence of these separate claims brought forward by its own named insured, State Farm initially refused to assign two different adjusters and subsequently refused to assign two different attorneys to handle the respective claims against each policy. The North Carolina State Bar has issued an ethics opinion ruling that "an attorney may not represent the insured, her liability insurer, and the same insurer relative to underinsured motorist coverage carried by the plaintiff." *See* N.C. R.P.C. 154 (proposed 21 October 1992; approved 15 January 1993). State Farm contends that "[i]t should be noted that by letter dated July 27, 1990, the defendant-appellee State Farm had clearly stated to counsel for the plaintiff-appellant that the company did not subrogate against their own insureds when payment was made under the underinsured motorist coverage for another State Farm insured." Nevertheless, we do not find this argument persuasive as to the issue of plaintiff's right to arbitration under the express terms of her UIM policy.

Plaintiff argues that by the express terms of her UIM policy she "did not have a right to seek payment from her State Farm UIM coverage (and thus arbitrate) until State Farm, as the liability carrier, offered to pay the limits of the Bonta liability policy. State

Farm refused to tender the liability limits until 18 months after suit was filed, in spite of demands by plaintiff which provided an objective basis for State Farm to conclude that the value of plaintiff's claim exceeded those liability limits." We agree.

A provision under Coverage U1 of plaintiff's UIM policy, *supra*, specifically stated that "We [State Farm] will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or set- tlements. . . ." Prior to the time plaintiff filed suit against defendant, State Farm had refused plaintiff's demands for settlement in the amount of $25,000.00 under defendant's liability policy. Plaintiff filed suit against only defendant Bonta on 29 August 1990. Thereafter, plaintiff made repeated demands for payment under defendant's liability policy, all of which were declined by State Farm. Because State Farm assigned one attorney to handle both claims, until the 17 February 1992 offer (of $75,000.00) plaintiff could not reasonably assume that the limits of defendant's policy ($25,000.00) had been exhausted. Accordingly, we conclude that the arbitration rights under plaintiff's UIM policy were not triggered prior to State Farm's 17 February 1992 offer. We further note that Part C of plaintiff's UIM policy specifically states that if State Farm and "an insured do not agree: 1. Whether that person is legally entitled to recover damages *under this Part*; or 2. As to the amount of damages" then the insured is entitled to make a written demand for arbitra- tion. Nothing in plaintiff's UIM policy states that plaintiff's filing of a complaint against another State Farm insured for liability arising from the same insured event results in a waiver of plaintiff's right to arbitrate under her own UIM policy. By the terms of plaintiff's UIM policy, plaintiff's action against defendant was not inconsistent with, and did not prejudice, her right to seek arbitra- tion under the terms of her (plaintiff's) own policy. In sum, we conclude that plaintiff's demand for arbitration was not untimely or unreasonably delayed by plaintiff. Because of our disposition of this issue, we need not address the remaining issues raised by plaintiff.

We hold that the trial court erred and that the cause must be submitted to arbitration pursuant to plaintiff's timely demand under the terms of the insurance contract. Accordingly, the trial court's 27 July 1992 and 26 August 1992 orders are reversed and the cause is remanded for proceedings not inconsistent with this opinion.

CITY OF NEW BERN v. NEW BERN-CRAVEN COUNTY BD. OF EDUC.

[113 N.C. App. 98 (1993)]

Reversed and remanded.

Judges ORR and GREENE concur.