LESTER WAYNE SULLIVAN, JR., Plaintiff v. ANNIE MAUDE BRIGHT, Defendant

No. COA97-73

(Filed 17 March 1998)

**1. Appeal and Error § 443 (NCI4th)— motion to prohibit arbitration—findings as to one UIM carrier—waiver as to second UIM carrier not presented**

Although counsel for one UIM carrier (Nationwide) appeared and presented arguments at a hearing on a motion to prohibit arbitration filed by the second UIM carrier (Farm Bureau), the sole question presented by the appeal is whether plaintiff waived his right to compel arbitration against Farm Bureau where the order granting the motion contains no findings or conclusions pertaining to Nationwide.

**2. Arbitration and Award § 19 (NCI4th)— no implied waiver of arbitration**

A plaintiff who was injured in an automobile accident did not impliedly waive his right to arbitration of his claim against his UIM carrier by conducting additional depositions after defendant motorist's liability carrier tendered its policy limits before plaintiff gave notice of arbitration where the UIM carrier failed to show that it was prejudiced by plaintiff's delay in seeking arbitration in that there was no showing that the additional witnesses would have been available to attend an arbitration hearing, and there was no evidence as to how much money the UIM carrier spent as a result of the delay.

Appeal by plaintiff from order entered 21 October 1996 by Judge Clifton W. Everett, Jr. in Beaufort County Superior Court. Heard in the Court of Appeals 17 September 1997.

*Braxton H. Bell, CPCU, by Braxton H. Bell, and Mario E. Perez, for plaintiff-appellant.*

*Harris, Shields, Creech and Ward, P.A., by Robert S. Shields, Jr. and Charles E. Simpson, Jr., for unnamed defendant-appellee North Carolina Farm Bureau Mutual Insurance Company.*

*Herrin & Morano, by Mickey A. Herrin, for unnamed defendant-appellee Nationwide Mutual Insurance Company.*

TIMMONS-GOODSON, Judge.

Plaintiff Lester Wayne Sullivan, Jr., appeals from an order to stay and prohibit arbitration, on the ground that the trial court erred in concluding that he had impliedly waived the right to arbitrate. The relevant facts are as follows: On 20 September 1993, plaintiff filed a personal injury action against defendant Annie Maude Bright arising out of an automobile accident that occurred on 1 November 1990. Plaintiff served Integon Insurance Company (Integon), defendant's liability carrier, with a copy of the complaint. Plaintiff also mailed copies of the complaint to North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) and Nationwide Insurance Company (Nationwide), plaintiff's underinsured motorist (UIM) carriers. Defendant filed an answer on 16 November 1993, denying the material allegations of the complaint and asserting an affirmative defense. On 6 December 1993, plaintiff replied, and on 7 February 1994, Farm Bureau filed an answer, appearing as an unnamed party for the purpose of representing defendant. Thereafter, plaintiff, Integon and Farm Bureau participated in some discovery through interrogatories, requests for production of documents, and depositions. Nationwide, however, did not file any responsive pleadings, nor did it engage in any discovery.

On 20 September 1995, Integon tendered its liability coverage limit and, by court order entered 19 February 1996, was relieved of any further duty to defend this action. On 22 August 1996, after noticing and conducting additional depositions, plaintiff filed a Notice of Arbitration with Farm Bureau and Nationwide, pursuant to the provisions of their respective policies. Farm Bureau filed an Objection and Motion to Prohibit Arbitration on 13 September 1996. In response, plaintiff filed a Motion to Compel Arbitration on 20 September 1996. The matter was heard, and, after considering the arguments of counsel for plaintiff, Farm Bureau, and Nationwide, the trial court entered an Order to Stay and Prohibit Arbitration on 10 October 1996. Plaintiff appeals.

[1] Before we proceed further, we think it wise to specify which parties are appropriately before this Court regarding the present appeal. It seems that plaintiff and Nationwide have mistakenly expanded the scope of the trial court's order so as to implicate plaintiff's right to arbitrate against Nationwide. We recognize that a UIM carrier is entitled to appear in defense of a claim for damages resulting from the operation of an underinsured vehicle. N.C. Gen. Stat.

§ 20-279.21(b)(4) (1993). Indeed, to that end, a UIM insurer may, "without being named as a party therein, . . . participate in the suit as fully as if it were a party." *Id.* Although counsel for Nationwide appeared and presented arguments at the hearing on Farm Bureau's Motion to Prohibit Arbitration, the order granting the motion contains no findings or conclusions pertaining to Nationwide. In short, the order speaks exclusively to the matter of plaintiff's right to arbitrate against Farm Bureau. We must, therefore, disregard all arguments concerning Nationwide, and the sole question presented by this appeal is whether plaintiff waived his right to compel arbitration against Farm Bureau. We hold that he has not.

First, we note that while an order denying arbitration is interlocutory, it is subject to immediate appeal, "because it involves a substantial right which might be lost if appeal is delayed." *Hackett v. Bonta*, 113 N.C. App. 89, 95, 437 S.E.2d 687, 690 (1993). Turning, then, to the merits of this appeal, plaintiff argues that the trial court erred in concluding that he had impliedly waived the right to arbitration. As the basis for this argument, plaintiff asserts that Farm Bureau failed to show that it was prejudiced by plaintiff's delay in seeking arbitration and by the discovery he undertook after Integon tendered its policy limits. We agree.

[2] The parties to a contract may agree to settle any dispute arising therefrom by way of mandatory arbitration, and such an agreement "shall be valid, enforceable, and irrevocable except with the consent of all the parties[.]" N.C. Gen. Stat. § 1-567.2(a) (1996). Since arbitration is a contractual right, it may be waived. *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 321 S.E.2d 872 (1984). Whether waiver has occurred is a question of fact. *Id.* at 229, 321 S.E.2d at 876. Generally, factual findings made by the trial court are conclusive on appeal, if they are supported by the evidence. *Humphries v. City of Jacksonville*, 300 N.C. 186, 187, 265 S.E.2d 189, 190 (1980). Nevertheless, as North Carolina maintains a strong public policy favoring arbitration, "courts must closely scrutinize any allegation of waiver of such a favored right." *Cyclone*, 312 N.C. at 229, 321 S.E.2d at 876.

Our Supreme Court has held that the party opposing arbitration must prove that it was prejudiced by its adversary's delay or by actions of the adversary which were incompatible with arbitration. *Sturm v. Schamens*, 99 N.C. App. 207, 208, 392 S.E.2d 432, 433 (1990) (citing *Servomation Corp. v. Hickory Construction Co.*, 316 N.C. 543, 544, 342 S.E.2d 853, 854 (1986)).

SULLIVAN v. BRIGHT

[129 N.C. App. 84 (1998)]

> A party may be prejudiced by [its] adversary's delay in seeking arbitration if (1) it is forced to bear the expense of a long trial, (2) it loses helpful evidence, (3) it takes steps in litigation to its detriment or expends significant amounts of money on the litigation, or (4) its opponent makes use of judicial discovery procedures not available in arbitration.

*Servomation*, 316 N.C. at 544, 342 S.E.2d at 854.

In the case *sub judice*, the trial court determined that plaintiff impliedly waived his right to arbitration by delaying and by conducting the depositions of two witnesses after Integon tendered its policy limits. The court found that Farm Bureau was prejudiced in that it was required "to defend the case, attend depositions, and incur significant expense, some or most of which would not have been necessary if Plaintiff had given timely Notice to Arbitrate." As support for this finding, the court observed that under the parties' agreement, arbitration proceedings were to comport with the rules and regulations of the American Arbitration Association. The court reasoned that because depositions are not required by these rules, plaintiff's actions in taking the depositions forced Farm Bureau to incur significant and unnecessary expenses.

Initially, we note that the rules and regulations of the American Arbitration Association do not address the propriety of taking depositions as a discovery tool during arbitration. Our General Statutes, however, do set forth the available discovery methods. *See* N.C. Gen. Stat. § 1-567.8(b) (1996). Regarding depositions, section 1-567.8(b) provides that "[o]n application of a party and for use as evidence, the arbitrators may permit a deposition to be taken . . . of a witness who cannot be subpoenaed or is unable to attend the hearing." *Id.* In the present case, the court's findings and the evidence of record do not show that the witnesses deposed by plaintiff after Integon offered its policy limits would have, indeed, been available to attend an arbitration hearing. Thus, the record does not support a finding that plaintiff took advantage of discovery procedures that would be unavailable in arbitration.

Furthermore, the court found that Farm Bureau incurred "significant expense" as a result of plaintiff's delay in seeking arbitration. Yet, the record evidence does not support this finding, since there is no statement indicating how much money Farm Bureau spent by reason of plaintiff's forbearance. As neither the findings nor the evidence establish that Farm Bureau was prejudiced, the trial court erred in

concluding that plaintiff impliedly waived his right to arbitrate. Accordingly, we reverse the trial court's order and remand for entry of an order compelling arbitration under the terms of the UIM policy.

For the foregoing reasons, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.

Reverse and Remand.

Judges GREENE and JOHN concur.