REGISTER v. WHITE

[160 N.C. App. 657 (2003)]

---

MELISSA REGISTER, Plaintiff v. STEVE ALLEN WHITE, Defendant

No. COA02-1585

(Filed 21 October 2003)

**1. Appeal and Error— appealability—order denying arbitration**

An order denying arbitration is immediately appealable.

REGISTER v. WHITE

[160 N.C. App. 657 (2003)]

**2. Arbitration— time for demanding—UIM insurance—exhaustion of liability coverage**

A UIM claimant's right to demand arbitration arises when the liability insurer has offered a settlement exhausting its coverages, and the time limitation for demanding arbitration begins when the right has arisen rather than when the injury occurred. The trial court erred in this case by concluding that plaintiff's demand for arbitration was not timely.

**3. Arbitration— UIM claim—underlying liability suit—not inconsistent with arbitration**

A UIM claimant's suit against the driver of a car in which she was injured was not inconsistent with her right to arbitrate her UIM claim, and she did not waive arbitration by taking advantage of discovery procedures not available in arbitration.

Appeal by plaintiff from order entered 5 August 2002 by Judge Benjamin G. Alford in Craven County Superior Court. Heard in the Court of Appeals 11 September 2003.

*Duffus & Melvin, P.A., by J. David Duffus, Jr., and Benjamin E. Waller, for plaintiff-appellant.*

*Harris, Creech, Ward and Blackerby, P.A., by Charles E. Simpson, Jr., and Joseph E. Elder, for unnamed defendant-appellee.*

CALABRIA, Judge.

Melissa Register ("plaintiff") appeals the 5 August 2002 order denying her motion to compel arbitration. Since we find plaintiff's claim was not barred by the applicable statute of limitations and plaintiff did not waive her right to arbitration, we reverse.

On 30 June 1998, plaintiff was involved in an automobile accident while riding as a passenger in Steve Allen White's ("defendant") car. Thereafter, plaintiff filed suit against defendant. On 8 August 2001, defendant's insurance company tendered the full limits of its policy, $50,000.00, to plaintiff. On 24 September 2001, plaintiff demanded arbitration with unnamed defendant, North Carolina Farm Bureau Insurance Company ("Farm Bureau"), who provided underinsured motorist coverage ("UIM") to plaintiff. The trial court held "[p]laintiff failed to demand arbitration of Farm Bureau Insurance of North Carolina, Inc. within the time allowed by contract, thus, barring her

REGISTER v. WHITE

[160 N.C. App. 657 (2003)]

claim for arbitration." The court further concluded, pursuant to the factors in *Sullivan v. Bright*, 129 N.C. App. 84, 497 S.E.2d 118 (1998), plaintiff waived her right to arbitration. We disagree.

[1] Although an order denying arbitration is interlocutory, the parties do not dispute it is immediately appealable because it involves a substantial right that might be lost were the right to appeal delayed. *Park v. Merrill Lynch*, 159 N.C. App. 120, 122, 582 S.E.2d 375, 377 (2003). Therefore, we properly have jurisdiction to consider plaintiff's appeal.

"In considering a motion to compel arbitration, the trial court must determine (1) whether the parties have a valid agreement to arbitrate, and (2) whether the subject in dispute is covered by the arbitration agreement. The trial court's conclusion is reviewable *de novo* by this Court." *Brevorka v. Wolfe Constr., Inc.*, 155 N.C. App. 353, 356, 573 S.E.2d 656, 658-59 (2002) (internal citations omitted). In determining whether an enforceable agreement exists, the court considers whether the parties have waived their contractual right to arbitrate and whether the demand for arbitration was timely. *Sullivan*, 129 N.C. App. at 86, 497 S.E.2d at 120 (regarding waiver); *Adams v. Nelsen*, 313 N.C. 442, 329 S.E.2d 322 (1985) (regarding waiver and time limitation). The trial court concluded a valid contract existed and provided for arbitration, but that plaintiff failed to demand arbitration within the time limit set forth in the contract, and, alternatively, she waived her right to arbitration by taking advantage of judicial discovery procedures.

"North Carolina has a strong public policy favoring the settlement of disputes by arbitration. Our strong public policy requires that the courts resolve any doubts concerning the scope of arbitrable issues in favor of arbitration." *Johnston County v. R. N. Rouse & Co.*, 331 N.C. 88, 91, 414 S.E.2d 30, 32 (1992). This rule applies " ' "whether the problem at hand is the construction of the contract language itself or an allegation of waiver[,]" ' " the issues we now consider. *Id.*, (quoting *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 229, 321 S.E.2d 872, 876 (1984) (quoting *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 74 L. Ed. 2d 765, 785 (1983))).

I. Time Limitation

[2] Plaintiff asserts the trial court erred in concluding she failed to assert her right to arbitration of her UIM coverage from Farm Bureau within the time limitation provided in the contract. We agree.

An insurance policy is a contract and "its provisions govern the rights and duties of the parties thereto. 'As with all contracts, the goal of construction is to arrive at the intent of the parties when the policy was issued.' " *Brown v. Lumbermens Mut. Casualty Co.*, 326 N.C. 387, 392, 390 S.E.2d 150, 153 (1990) (quoting *Woods v. Insurance Co.*, 295 N.C. 500, 505, 246 S.E.2d 773, 777 (1978)). " 'All parts of a contract are to be given effect if possible. It is presumed that each part of the contract means something.' " *Brown*, 326 N.C. at 393, 390 S.E.2d at 153 (quoting *Bolton Corp. v. T. A. Loving Co.*, 317 N.C. 623, 628, 347 S.E.2d 369, 372 (1986)). However, " '[a] latent ambiguity may arise where the words of a written agreement are plain, but by reason of extraneous facts the definite and certain application of those words is found impracticable.' " *Jefferson-Pilot Life Ins. Co. v. Smith Helms Mulliss & Moore*, 110 N.C. App. 78, 81, 429 S.E.2d 183, 185 (1993) (quoting *Miller v. Green*, 183 N.C. 652, 654, 112 S.E. 417, 418 (1922)).

"[T]he meaning of ambiguous language within an insurance policy is a question of law for the court." *Markham v. Nationwide Mut. Fire Ins. Co.*, 125 N.C. App. 443, 452-53, 481 S.E.2d 349, 355 (1997). "Any ambiguity in the policy language must be resolved against the insurance company and in favor of the insured." *Brown*, 326 N.C. at 392, 390 S.E.2d at 153. "Further, as our courts are not favorably disposed toward provisions limiting the scope of coverage, exclusions are ' "to be strictly construed to provide the coverage which would otherwise be afforded by the policy." ' " *Markham*, 125 N.C. App. at 454, 481 S.E.2d at 356 (quoting *Durham City Bd. of Education v. National Union Fire Ins. Co.*, 109 N.C. App. 152, 156, 426 S.E.2d 451, 453 (1993) (quoting *Maddox v. Insurance Co.*, 303 N.C. 648, 650, 280 S.E.2d 907, 908 (1981))).

With these principals in mind we turn to the issue of time limitation in the case at bar. Plaintiff sought to enforce the UIM provision of the insurance contract, which provides:

> We will also pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by an insured caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle. We will pay for these damages only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements. . . .

REGISTER v. WHITE

[160 N.C. App. 657 (2003)]

Therefore, an insured may seek UIM coverage only after the liability policy has paid to the full extent of its limits. The policy language tracks the statutory language of N.C. Gen. Stat. § 20-279.21(b)(4) which explains UIM coverage.[1] To enforce this provision, the contract further provided, "the insured may demand to settle the dispute by arbitration." Finally, the contract provided the following time limitation for demanding arbitration: "[a]ny arbitration action against the company must begin within the time limit allowed for bodily injury or death actions in the state where the accident occurred." This language is precisely as required by the North Carolina Rate Bureau in Rate Bureau Amendatory Endorsement NC 00 09 (Ed. 5-94) for personal auto policies.[2] Since the accident in the case at bar occurred in North Carolina, a three-year time limit is applicable and begins when the bodily harm reasonably should have become, or actually became, apparent. N.C. Gen. Stat. § 1-52(16) (2001).

The terms of the contract, on their face, appear plain and enforceable. The coverage provision states that UIM insurance is triggered only when the liability policy has been exhausted; the arbitration provision provides plaintiff must demand arbitration of a UIM claim within the time limit for bodily injury claims. Farm Bureau asserts there is no ambiguity because the three-year limitation is an independent provision, and an insured must demand arbitration of the UIM coverage regardless of whether her right thereto has arisen.[3] We disagree.

In considering the interaction between the UIM and arbitration provisions of an identical insurance contract, this Court held a plaintiff's arbitration rights do not arise until her right to UIM coverage arises, which is when she is offered a settlement for the full extent of

---

1. "Underinsured motorist coverage is deemed to apply when, by reason of payment of judgment or settlement, all liability bonds or insurance policies providing coverage for bodily injury caused by the ownership, maintenance, or use of the underinsured highway vehicle have been exhausted." N.C. Gen. Stat. § 20-279.21(b)(4) (2001).

2. The endorsement amended the Personal Auto Policies NC 00 01, for those written on or after 1 May 1994. The new arbitration provision was required to either be attached or incorporated into a company's policy. *See* George L. Simpson, III, *North Carolina Uninsured and Underinsured Motorist Insurance, 2002 Edition: A Handbook*, App. G (2002).

3. This argument conflicts with George L. Simpson, III, *North Carolina Uninsured and Underinsured Motorist Insurance, 2002 Edition: A Handbook*, 256-57 (2002), which explains that since an insured may demand arbitration only after the liability policy has been exhausted, the insured may not demand arbitration before the insurer tenders its limits.

the liability policy.[4] *Hackett v. Bonta*, 113 N.C. App. 89, 97, 437 S.E.2d 687, 692 (1993). Therefore, a plaintiff's right to demand arbitration for UIM coverage does not arise until the liability insurer offers a settlement exhausting its limits. Since the insured's right to arbitration of UIM coverage is dependent upon a full settlement from the liability insurer, and such a settlement may occur after the three-year time limitation has expired, a latent ambiguity exists regarding the time limitation for demanding arbitration. *See Jefferson-Pilot*, 110 N.C. App. at 81, 429 S.E.2d at 185 (a latent ambiguity is where the words appear clear until facts make application of those words "impracticable"). A latent ambiguity must be resolved in favor of the insured and providing coverage. *See Brown*, 326 N.C. at 392, 390 S.E.2d at 153 (in favor of the insured); *Markham*, 125 N.C. App. at 454, 481 S.E.2d at 356 (in favor of coverage). Moreover, "[i]n no event can the limitations period begin to run until the injured party is at liberty to sue." *Glover v. First Union National Bank*, 109 N.C. App. 451, 455, 428 S.E.2d 206, 208 (1993). We see no reason to distinguish arbitration, and hold this rule also applies to injured parties who have foregone their right to sue in favor of arbitration. We hold a UIM insured's right to demand arbitration arises when the liability insurer has offered a settlement exhausting its coverage, and only once this right has arisen may the time limitation for demanding arbitration commence.

Applying this rule in the case at bar, plaintiff's right to demand arbitration did not arise when she was injured on 30 June 1998, but rather arose on 8 August 2001, and therefore she timely demanded arbitration on 24 September 2001.[5] We find the trial court erred in determining plaintiff's claim was time barred before her right to pursue compensation from Farm Bureau vested.[6]

---

4. We find the factual distinction in *Hackett*, that one insurance company provided both the liability and the UIM insurance, immaterial. In *Hackett*, the Court held plaintiff's arbitration rights under the UIM policy were triggered when State Farm offered to settle both claims for more than the limits on the liability policy, because only then could plaintiff reasonably assume the limits of the liability policy were exhausted. We apply the same rule here, where two different insurance companies provide the liability and UIM coverage.

5. No issue of notice arises since the contract provides the insured must notify the insurer "promptly of how, when and where the accident or loss happened."

6. We note our analysis is distinct from that utilized by this Court in its recent unpublished opinion *Carter v. Cook*, 158 N.C. App. 743, 582 S.E.2d 82 (2003). Since this opinion was not published it has no precedential value and we need not address it further.

REGISTER v. WHITE

[160 N.C. App. 657 (2003)]

II. Waiver

[3] Plaintiff also asserts the trial court erred in determining she waived her right to arbitration by "t[aking] advantage of judicial discovery procedures not available in arbitration" and that Farm Bureau "expended significant amounts of money" on behalf of defendant in the underlying action.

Our Supreme Court has explained:

Waiver of a contractual right to arbitration is a question of fact. Because of the strong public policy in North Carolina favoring arbitration, courts must closely scrutinize any allegation of waiver of such a favored right. Because of the reluctance to find waiver, we hold that a party has impliedly waived its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration.

*Cyclone Roofing Co.*, 312 N.C. at 229, 321 S.E.2d at 876 (internal citations omitted). Examples of such prejudice include, "a party's opponent takes advantage of judicial discovery procedures not available in arbitration; or, by reason of delay, a party has taken steps in litigation to its detriment or expended significant amounts of money thereupon. . . ." *Id.*, 312 N.C. at 230, 321 S.E.2d at 877 (internal citations omitted). The questions presented are: (1) whether plaintiff has taken actions which are inconsistent with arbitration; and (2) whether Farm Bureau was prejudiced by such actions. *Id.* Since we find plaintiff has taken no action inconsistent with her right to arbitration, we need not reach the issue of prejudice.

Farm Bureau asserts plaintiff's suit against defendant was inconsistent with her arbitration rights because plaintiff availed herself of discovery unavailable in arbitration and Farm Bureau expended significant funds to defend the suit. However, the suit was necessary for plaintiff to enforce her rights against the liability insurer, and Farm Bureau voluntarily exercised its right to appear in the lawsuit. N.C. Gen. Stat. § 20-279.21(b)(3)(a) (2001). Plaintiff's right to arbitration cannot be waived by a UIM carrier's choice to participate in litigation brought to pursue the liability policy claim. Moreover, in determining the issue of waiver raised by a UIM carrier, our Court has considered only those actions by plaintiff in the existing lawsuit occurring after the liability insurer tendered its full coverage upon settlement of the liability policy. *Sullivan*, 129 N.C. App. at 87, 497

S.E.2d at 121. In the case at bar, following the liability carrier's settlement, plaintiff promptly ceased pursuing litigation and demanded arbitration of her UIM coverage pursuant to her contract with Farm Bureau. Therefore, we find plaintiff in no way acted inconsistently with her right for arbitration. Accordingly, we hold the trial court erred finding plaintiff waived her arbitration rights.

We reverse the order of the trial court and remand with instructions to enter an order compelling arbitration.

Reversed and remanded.

Judges McGEE and HUNTER concur.