**DOUGLAS v. McVICKER**

[150 N.C. App. 705 (2002)]

DUANE H. DOUGLAS D/B/A DOUGLAS CONSTRUCTION, Plaintiff v. MARILYN G. McVICKER and ELLEN E. KINNEAR, Defendants

No. COA01-969

(Filed 18 June 2002)

**Arbitration and Mediation— enforcement of arbitration clause—waiver**

The trial court did not err in a breach of contract action arising out of the construction of defendants' house by denying defendants' motion to dismiss the complaint based on an arbitration clause contained in the contract, because defendants have impliedly waived their right to compel arbitration since: (1) defendants took advantage of and benefitted from a discovery procedure without leave of the arbitrator; and (2) plaintiff was prejudiced in time and cost spent, as well as a lack of reciprocal discovery.

Appeal by defendants from order entered 19 June 2001 by Judge Ronald K. Payne in Mitchell County Superior Court. Heard in the Court of Appeals 25 April 2002.

*Ferikes & Bleynat, PLLC, by Edward L. Bleynat, Jr., for plaintiff-appellee.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by W. Perry Fisher, II and Laurie F. Lassiter, for defendants-appellants.*

TYSON, Judge.

## I. Facts

Marilyn G. McVicker and Ellen E. Kinnear ("defendants") entered into a contract ("Contract") with Duane H. Douglas d/b/a Douglas Construction ("plaintiff") for the construction of defendants' house on or about 31 July 1999. On or about 25 September 2000, plaintiff presented defendants with an invoice in the amount of $40,000.00. Defendants refused to pay the invoice and plaintiff temporarily suspended work pending receipt of payment. Defendants thereafter terminated the contract and directed plaintiff to perform no further work on the house.

Plaintiff filed a claim of lien on 10 October 2000 and filed a complaint against defendants on 13 February 2001 seeking enforcement

of his claim of lien and damages for breach of contract or in the alternative, compensation in *quantum meruit*. On 22 March 2001, defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction and personal jurisdiction pursuant to Rule 12(b)(1) and 12(b)(2) of the North Carolina Rules of Civil Procedure based on an arbitration clause contained in the Contract.

The trial court denied defendants' motion to dismiss. The trial court concluded that defendants waived the right to compel arbitration after engaging in formal discovery without leave of the arbitrator and that plaintiff was prejudiced. Defendants appeal.

## II. Issue

The sole issue presented is whether the trial court properly denied defendants' motion to dismiss.

We note that while an order denying arbitration is interlocutory, it is subject to immediate appeal, "because it involves a substantial right which might be lost if appeal is delayed." *Martin v. Vance*, 133 N.C. App. 116, 119, 514 S.E.2d 306, 308 (1999). Therefore, this appeal is properly before us.

Defendants argue that the trial court erred in concluding that they impliedly waived their right to arbitration, and assert that they did not take action inconsistent with arbitration and that plaintiff failed to show prejudice by defendants' action. We disagree.

The parties to a contract may agree to settle any dispute arising therefrom by way of mandatory arbitration, and such an agreement "shall be valid, enforceable, and irrevocable except with the consent of all the parties[.]" N.C. Gen. Stat. § 1-567.2(a) (1999). Since arbitration is a contractual right, it may be waived. *Cyclone Roofing Co., Inc. v. David M. LaFave Co., Inc.*, 312 N.C. 224, 321 S.E.2d 872 (1984). Whether waiver has occurred is a question of fact. *Id.* at 229, 321 S.E.2d at 876. Factual findings made by the trial court are conclusive on appeal, if supported by the evidence. *Humphries v. City of Jacksonville*, 300 N.C. 186, 187, 265 S.E.2d 189, 190 (1980).

We are mindful that North Carolina has a strong public policy favoring the settlement of disputes by arbitration. "Our Supreme Court has held that where there is any doubt concerning the existence of an arbitration agreement, it should be resolved in favor of arbitration." *Martin*, 133 N.C. App. at 119, 514 S.E.2d at 309 (citing *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 91-92, 414 S.E.2d

30, 32 (1992)). Because North Carolina maintains a strong public policy in favor of arbitration, "courts must closely scrutinize any allegation of waiver of such a favored right." *Cyclone Roofing*, 312 N.C. at 229, 321 S.E.2d at 876 (citations omitted).

Our Supreme Court has also held that the party opposing arbitration must prove prejudice by its adversary's delay or by actions of the adversary which were incompatible with arbitration. *Sturm v. Schamens*, 99 N.C. App. 207, 208, 392 S.E.2d 432, 433 (1990) (citing *Servomation Corp. v. Hickory Constr. Co.*, 316 N.C. 543, 544, 342 S.E.2d 853, 854 (1986); *Cyclone Roofing, supra.*). "A party may be prejudiced by his adversary's delay in seeking arbitration if (1) it is forced to bear the expense of a long trial, (2) it loses helpful evidence, (3) it takes steps in litigation to its detriment or expends significant amounts of money on the litigation, or (4) its opponent makes use of judicial discovery procedures not available in arbitration." *Servomation*, 316 N.C. at 544, 342 S.E.2d at 854.

At bar, the trial court concluded: (1) that defendants had taken advantage of judicial processes not available in arbitration, (2) that defendants benefitted from conducting discovery, (3) that plaintiff expended a significant amount of time and costs in responding to his prejudice, and (4) that defendants waived their right to compel arbitration in taking action inconsistent with their motion to dismiss based upon an arbitration clause. In support of its conclusions, the trial court found that, on or about 17 April 2001, defendants engaged in formal discovery by serving plaintiff a Request for Production of Documents. The trial court further found that pursuant to N.C. Gen. Stat. § 1-567.8 (the Uniform Arbitration Act) and the rules of the American Arbitration Association, a party may engage in discovery only by leave of the arbitrator.

Defendants had in their possession a copy of the Contract which they attached to their motion to dismiss filed 22 March 2001. Defendants' Request for Production of Documents, served 17 April 2001, did not relate to the arbitration clause in the Contract. *See Prime South Homes, Inc. v. Byrd*, 102 N.C. App. 255, 260-61, 401 S.E.2d 822, 826 (1991) ("plaintiff took advantage of a discovery procedure not available for arbitration to gain pre-trial access to defendants' evidence regarding his substantive claims"); *cf. Servomation*, 316 N.C. at 545, 342 S.E.2d at 854-55 (plaintiff not prejudiced in answering numerous interrogatories posed by defendant when sizeable portion of interrogatories were directed toward securing infor-

mation relating to arbitration clause in contract). The documentation requested by defendants and timely provided by plaintiff was approximately two and one-half to three inches thick.

We conclude that defendants took advantage of and benefitted from a discovery procedure without leave of the arbitrator and that plaintiff was prejudiced in time and cost spent, as well as a lack of reciprocal discovery.

### III. Conclusion

We hold that the trial court's findings of fact are supported by the evidence and the conclusions of law are supported by the findings of fact. We affirm the judgment below and find that defendants have impliedly waived their right to compel arbitration.

Affirmed.

Judges MARTIN and THOMAS concur.