NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY AND FARM BUREAU INSURANCE OF N.C., INC., PLAINTIFFS v. LINDA F. SEMATOSKI, ·DEFENDANT

No. COA08-553

(Filed 3 February 2009)

**1. Arbitration and Mediation— agreement—covered by N.C. Act**

An arbitration agreement was covered by the North Carolina Uniform Arbitration Act where automobile policies were entered into in 2001 and the arbitration agreement does not fall under either exception listed under N.C.G.S. § 1-567.2(b); both plaintiffs are North Carolina corporations with a principal place of business in North Carolina; plaintiffs each issued an insurance policy with defendant as a named beneficiary; both policies were applied for and entered into in North Carolina and covered vehicles registered and garaged in North Carolina; and there is no evidence that the collection of premiums or payment of benefits involved or affected commerce outside of North Carolina.

**2. Arbitration and Mediation— lawsuit filed in Florida—NC arbitration not waived**

Defendant did not waive her contractual right to arbitration in North Carolina of insurance claims arising from an auto accident in Florida by filing an action in Florida. It has been held that the mere filing of pleadings does not manifest waiver of the right to arbitrate, and the expenses cited by plaintiffs in the defense of the Florida action are not the type contemplated by prejudice from the expense of a lengthy trial.

**3. Arbitration and Mediation— summary judgment motion— issues beyond arbitrability—to be considered by arbitrator**

The trial court erred when considering a summary judgment motion arising from an auto accident by ruling on issues that should be determined by an arbitrator. The arguments raised by the summary judgment motion were not arguments contesting the scope of or defense to arbitrability and the issues should therefore have been considered by an arbitrator.

Appeal by defendant from order entered 13 December 2008 by Judge Edgar B. Gregory in Wilkes County Superior Court. Heard in the Court of Appeals 19 November 2008.

*Willardson Lipscomb & Miller, L.L.P., by William F. Lipscomb, for plaintiff-appellees.*

*Doran, Shelby, Pethel and Hudson, P.A., by Michael Doran, for defendant-appellant.*

BRYANT, Judge.

Defendant appeals from the trial court's order entered 13 December 2008 which allowed plaintiffs' motion for summary judgment and denied defendant's motion to compel arbitration and stay proceedings. For the reasons stated below, we reverse and remand.

According to the record before us, on 7 April 2002, defendant was driving in Sarasota County Florida when she was rear-ended by a vehicle operated by tortfeasor Thomas Ferguson. Defendant was injured. Ferguson's vehicle was covered by an insurance policy issued by Progressive Insurance Company (Progressive) with a liability coverage limit of $10,000. The vehicle defendant was driving was insured by Hartford Insurance Co. of the Midwest (Hartford), which provided for uninsured and/or underinsured motorist (UM / UIM) coverage in the amount of $10,000 per person. The vehicle was registered and garaged in North Carolina. Defendant was also a named beneficiary on two insurance policies: (1) a personal auto policy issued by Plaintiff North Carolina Farm Bureau Mutual Insurance Company, which provided UM / UIM coverage up to $50,000 per person, and (2) a personal auto policy issued by Plaintiff Farm Bureau Insurance of N.C., Inc., which provided UM / UIM coverage in the amount of $100,000 per person. Both of plaintiffs' policies were applied for and issued in North Carolina.

In May 2006, Progressive, Ferguson's insurance policy provider, paid defendant its $10,000 policy limit. And, on 24 May 2006, defendant voluntarily dismissed her lawsuit against Ferguson with prejudice. In November 2006, Hartford paid defendant its UM / UIM $10,000 policy limit.

On 27 March 2007, in Wilkes County Superior Court, plaintiffs filed a complaint for declaratory judgment seeking to determine if defendant was entitled to recover UM / UIM coverage from the insurance policies they issued. On 9 November 2007, plaintiffs filed a motion for summary judgment. On 16 November 2007, defendant filed a motion to compel arbitration and stay the proceedings based on provisions in each of plaintiffs' policies that allow for arbitration of bodily injury claims involving an underinsured motorist.

On 13 December 2007, after reviewing the record and considering the arguments of counsel for the parties, the trial court allowed plaintiffs' motion for summary judgment and denied defendant's motion to compel arbitration and stay proceedings. Defendant appeals.

---

On appeal, defendant raises two issues: whether the trial court erred by (I) not staying the proceedings and refusing to compel arbitration and (II) granting summary judgment to plaintiffs.

### I and II

Defendant first argues that the trial court erred by not staying the proceedings and not compelling arbitration. Defendant argues that the insurance policies in question involve interstate commerce and as such are governed by the Federal Arbitration Act (FAA). Following that, defendant argues that plaintiffs challenged the arbitrability of this matter on grounds an arbitrator is to decide, such as, whether defendant "is legally entitled to recover compensatory damages." We agree in part.

**[1]** We first consider whether this matter is governed by the FAA or, alternatively, the North Carolina Uniform Arbitration Act (UAA). "[T]he FAA preempts conflicting state law, including state law addressing the role of courts in reviewing arbitration awards." *WMS, Inc. v. Weaver*, 166 N.C. App. 352, 357-58, 602 S.E.2d 706, 710 (2004) (citation omitted).

Under the FAA, codified under Title 9 of the United States Code Service, sections 1 *et seq.*, the validity, irrevocability, and enforcement of agreements to arbitrate extend to the following:

> "A written provision in . . . *a contract evidencing a transaction involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

9 U.S.C.S. § 2 (2002) (emphasis added).

In *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 130 L. Ed. 2d 753 (1995), the United States Supreme Court addressed the issue of how to interpret the language "*a contract evidencing a transaction involving commerce*[.]" *Id.* at 268, 130 L. Ed. 2d at 760 (additional emphasis added). The Court reasoned that the language

extended the applicability of the FAA to the limits of Congress' Commerce Power. *Id.*

In application to the facts before it, the Court noted that the defendants, Allied-Bruce Terminix and Terminix International, were multi-state firms which utilized treatment and repair materials from outside of the plaintiff's state to satisfy their contractual obligations. *Id.* at 282, 130 L. Ed. 2d at 769. As such, "the transaction . . ., in fact, involved interstate commerce." *Id.*

The North Carolina Uniform Arbitration Act (UAA) is applicable to agreements to arbitrate made on or after 1 August 1973 and prior to 1 January 2004. *See* N.C. Gen. Stat. §§ 1-567.19 (2001) and 1-569.3 (2007). And, the UAA makes only two exclusions. It does not apply to the following:

(1) Any agreement or provision to arbitrate in which it is stipulated that this Article shall not apply or to any arbitration or award thereunder;

(2) Arbitration agreements between employers and employees or between their respective representatives, unless the agreement provides that this Article shall apply.

N.C. Gen. Stat. § 1-567.2(b) (2001).

Here, both of plaintiffs' policies were entered into in 2001 and the arbitration agreement does not fall under either exception listed under N.C.G.S. § 1-567.2(b) (2001). Both plaintiffs are North Carolina corporations with a principal place of business in North Carolina. Plaintiffs each issued an insurance policy with defendant as a named beneficiary. Both policies were applied for and entered into in North Carolina and covered vehicles registered and garaged in North Carolina. Also, there is no evidence in the record that the collection of insurance premiums or payment of insurance benefits involved or affected commerce outside of North Carolina. Therefore, we hold that on the record before us the arbitration agreement is governed by the UAA.

**[2]** We next consider whether the trial court, in granting plaintiffs' motion for summary judgment, ruled on issues reserved for an arbitrator.

Under North Carolina General Statute 1-567.2,

(a) Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the

agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable except with the consent of all the parties, without regard to the justiciable character of the controversy.

N.C. Gen. Stat. § 1-567.2(a) (2001).

Under North Carolina General Statute 1-567.3,

(a)  On application of a party showing an agreement described in G.S. 1-567.2; and the opposing party's refusal to arbitrate, the court *shall* order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

. . .

(e)  An order for arbitration shall not be refused or a stay of arbitration granted on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown.

N.C. Gen. Stat. § 1-567.3(a) & (e) (2001) (emphasis added).

North Carolina has a strong public policy favoring arbitration. *See Cyclone Roofing Co. v. David M. La Fave Co.*, 312 N.C. 224, 229, 321 S.E.2d 872, 876 (1984). However, our Supreme Court has held that a party may expressly or impliedly waive its contractual right to arbitration. *Id.* "Waiver of a contractual right to arbitration is a question of fact. [However] [b]ecause of the strong public policy in North Carolina favoring arbitration, courts must closely scrutinize any allegation of waiver of such a favored right." *Id.*

In the instant case, plaintiffs assert that defendant waived her contractual right to arbitration when she filed a lawsuit against plaintiffs in a Florida state court. We disagree.

In *Cyclone Roofing Co.*, our Supreme Court reasoned that "[t]he mere filing of . . . pleadings did not manifest waiver . . . of [the] right to arbitrate under the contract. To hold otherwise . . . would make parts of [the UAA] nonsensical." *Id.* at 230, 321 S.E.2d at 877. Plaintiff

also asserts prejudice based on the expenditure of $3,402.24 in legal fees and expenses in defense of the Florida lawsuit. However, such expenses are not the type contemplated by our Supreme Court when it said one may be prejudiced if "forced to bear the expense of a lengthy trial[.]" *Id.* at 229, 321 S.E.2d at 876. Therefore, we hold defendant did not waive her contractual right to arbitration.

[3] Defendant argues that the trial court erred by ruling on issues that should be determined by an arbitrator. In *N.C. Farm Bureau Mut. Ins. Co. v. Edwards*, 154 N.C. App. 616, 572 S.E.2d 805 (2002), the defendants' UIM carrier sought to determine the rights of the parties after the defendants issued a release for a tortfeasor prior to asserting a derivative claim for UIM benefits. *Id.* at 617-18, 572 S.E.2d at 806. The defendants demanded the matter go to arbitration, and the UIM carrier argued that the release operated as a bar to defendant's recovery. *Id.* at 619, 572 S.E.2d at 806-07.

On appeal, we considered the issue and held "[the] defendants' claim[] against their UIM carrier . . . [was] not barred by the execution of their limited release," and we affirmed the order of the trial court to send the matter to arbitration. *Id.* at 623, 572 S.E.2d at 809. In dicta, we reasoned that "[g]iven that UIM coverage is the derivative of a tortfeasor's liability, it could be argued that the logical extension of [our prior precedent] is to bar recovery of UIM benefits where a release simply states that the named tortfeasor is released from all liability." *Id.* at 622, 572 S.E.2d at 808.

Despite our consideration of the issues in *Edwards*, in which we affirmed the trial court's order compelling arbitration, we have been unable to find a case in which this Court has upheld the denial of a motion to compel arbitration on grounds other than the scope of or defense to arbitrability. *See Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 91, 414 S.E.2d 30, 32 (1992) (stating courts resolve doubts concerning the scope of arbitrable issues whether the issue is the contract language or an allegation of waiver, delay, or a like defense to arbitrability).

Here, in plaintiffs' motion for summary judgment, plaintiffs argued that defendant was not entitled to recover derivative UM / UIM coverage from plaintiffs because (1) defendant was not entitled to recover from Ferguson after defendant released Ferguson and (2) the Florida statute of limitations for defendant to bring a suit against Ferguson has expired again precluding defendant from ascertaining primarily liability.

We hold these are not arguments contesting the scope of or defense to arbitrability. Therefore, the issues should be considered by an arbitrator. *Compare Register v. White,* 358 N.C. 691, 693, 599 S.E.2d 549, 552 (2004) (determining whether the plaintiff's contractual right to demand arbitration was time-barred by a statute of limitations).

For the aforementioned reasons we reverse the trial court's grant of summary judgment and denial of defendant's motion to compel arbitration and stay proceedings.

Reversed and remanded.

Judges McGEE and GEER concur.