NANETTE HERBERT, Administrator of the ESTATE OF SHIRLEY L. SYKES, Plaintiff
v. KAY HARRISON MARCACCIO and JOHN DOUGLAS MARCACCIO, Defendants

No. COA10-876

(Filed 19 July 2011)

**Arbitration and Mediation— motion to compel—waived by delay and unnecessary expenditure**

An order denying a motion to compel arbitration was affirmed where the trial court properly concluded that plaintiff waived the right to arbitrate by waiting until the eve of a second trial to file the motion.

Appeal by plaintiff from order entered 15 March 2010 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 13 January 2011.

*Battle, Winslow, Scott & Wiley, P.A., by M. Greg Crumpler, for plaintiff-appellant.*

*Cranfill Sumner & Hartzog LLP, by F. Marshall Wall, for defendants-appellees.*

*Poyner Spruill LLP, by Timothy W. Wilson, for unnamed defendant-appellee North Carolina Farm Bureau Mutual Insurance Company, Inc.*

GEER, Judge.

Plaintiff Nanette Herbert, in her capacity as administrator of the Estate of Shirley L. Sykes, appeals from an order denying her demand for arbitration and her motion to stay proceedings in an underinsured motorist ("UIM") action. Plaintiff argues on appeal that the trial court erred in denying her demand for arbitration based on its conclusions (1) that her right to arbitration had not yet accrued, (2) that she had waived her right to demand arbitration, and (3) that she had used discovery procedures not available in arbitration. Based on our review of the record, we hold that the trial court's conclusion that plaintiff waived her right to demand arbitration is supported by its findings of fact regarding the time period that elapsed prior to the filing of the demand, the proceedings that occurred in superior court during that time period, and the prejudice suffered by North Carolina Farm Bureau Mutual Insurance Company, Inc. ("Farm Bureau"). We, therefore, affirm.

ESTATE OF SYKES v. MARCACCIO ·

[213 N.C. App. 563 (2011)]

Facts

On 17 October 2004, Shirley L. Sykes ("Ms. Sykes") was a passenger in a motor vehicle operated by her son, Raymond M. Sykes, Jr. ("Mr. Sykes"). They were involved in an accident at the intersection of Trinity Road and Edwards Mill Road in Raleigh, North Carolina with a vehicle owned by John Douglas Marcaccio and driven by Mr. Marcaccio's wife, Kay Harrison Marcaccio (the "Marcaccios").

At the time of the accident, the Marcaccios were insured under an automobile insurance policy issued by Liberty Mutual Insurance Company ("Liberty Mutual"), which provided liability coverage in the amount of $250,000.00 per person. Mr. Sykes was insured under an automobile insurance policy issued by Farm Bureau which provided UIM in the amount of $750,000.00 per person.

On 9 February 2007, Liberty Mutual tendered its policy limits of $250,000.00 in a settlement offer to Ms. Sykes in full settlement of her claim. On 24 February 2007, Liberty Mutual notified Farm Bureau by letter of its liability coverage limit of $250,000.00 in an effort to resolve the claim. Pursuant to N.C. Gen. Stat. § 20-279.21(b)(4), Farm Bureau had 30 days to advance payment of this limit in order to protect its subrogation rights. Farm Bureau advanced against Liberty Mutual's tender by paying $250,000.00 to Ms. Sykes on 1 March 2007, protecting its subrogation rights against the Marcaccios.

In consideration for this advance payment by Farm Bureau, Ms. Sykes promised:

> to take, through any representative designated by [Farm Bureau], such action as may be necessary or appropriate to recover the damages suffered by [Ms. Sykes] from any person or persons, organization, association or corporation other than [Farm Bureau] who may be legally liable for said damages, and to hold any monies recovered from any such persons or organizations, including all monies received from Liberty Mutual and John Marcaccio in trust for [Farm Bureau] immediately upon recovery thereof . . . .

On 16 October 2007, Ms. Sykes filed suit against the Marcaccios seeking to recover for personal injuries resulting from the accident and demanding a trial by jury. Ms. Sykes was represented by her son, Mr. Sykes. On 17 December 2007, the Marcaccios filed a motion to change venue and an answer. The Marcaccios also asked that "all contested issues of fact be tried by a jury." On 14 November 2007, the

Marcaccios served written discovery on Ms. Sykes, including inter-rogatories, a request for production of documents, and a request for statement of monetary relief sought pursuant to N.C.R. Civ. P. 8. On 25 February 2008, a hearing was held regarding the motion to change venue. On 28 February 2008, the motion was granted and venue was changed from Halifax County to Nash County.

The Marcaccios filed a motion to compel on 16 May 2008 after Ms. Sykes failed to respond to written discovery. This motion was heard on 9 June 2008 in Nash County Superior Court, and a consent order was entered on 13 June 2008, allowing Ms. Sykes to respond to the discovery no later than 20 June 2008. On 15 August 2008, the Marcaccios filed a motion for sanctions alleging that Ms. Sykes had served only partial discovery responses. This motion was noticed twice for hearing but was never ruled upon.

On or about 30 September 2008, while the motion for sanctions was pending, Nanette Herbert filed a motion to intervene, a motion to stay, and a motion for a hearing on the competence of Ms. Sykes. In her motions, Ms. Herbert alleged "that there is a genuine, material, and substantial question as to whether Plaintiff was competent at the time of the filing of this action, as well as at the present time." Ms. Herbert requested the appointment of a guardian if Ms. Sykes was determined to be incompetent. The motions also requested that all proceedings be stayed pending a competency hearing.

Ms. Herbert's motions were heard 6 October 2008 and allowed in an order filed on 28 October 2008. In December 2008, Ms. Sykes died. Ms. Herbert was appointed as Administrator of Ms. Sykes' estate.

On 23 June 2009, Mr. Sykes filed a motion to withdraw from rep-resentation of Ms. Sykes' estate. The motion was allowed on 6 August 2009. On or about 9 July 2009, M. Greg Crumpler gave notice of appearance as counsel of record for plaintiff. On 8 October 2009, a consent order was filed substituting Nanette Herbert, in her capacity as administrator of Ms. Sykes' estate, as the plaintiff in this action.

The case was originally scheduled for trial at the civil jury session for 15 June 2009, but was continued at the request of plaintiff. The case was next calendared for trial on 7 December 2009. On 30 November 2009, plaintiff filed a demand for arbitration and a motion to stay proceedings. The trial was then continued until 1 March 2010.

Ms. Herbert was deposed on 4 February 2010 in Rocky Mount, North Carolina. A hearing was held on 1 March 2010 on plaintiff's

demand for arbitration, and on 15 March 2010 an order was entered denying plaintiff's demand for arbitration. The trial court made the following conclusions of law.

1. Farm Bureau's advance against Liberty Mutual's tender of its liability coverage blocked the proposed settlement between Mrs. Sykes on the one hand, and the Marcaccios and/or their liability insurance carrier, Liberty Mutual, on the other.

2. There has been no exhaustion of Liberty Mutual's policy within the meaning of N.C. Gen. Stat. § 20-279.21(b)(4) or Farm Bureau's policy provisions regarding its underinsured motorist coverage available to Plaintiff herein, because Liberty Mutual has paid nothing to anyone.

3. Plaintiff has no right to demand arbitration under Farm Bureau's policy, because there has not been an exhaustion of Liberty Mutual's liability policy by payment of judgment or settlement, and as a consequence, Plaintiff is not yet entitled to recover from Farm Bureau.

4. In the alternative, and even if Mrs. Sykes did have the right to demand arbitration when Liberty Mutual tendered its coverage to her, then in that event Mrs. Sykes (the predecessor in interest to the Plaintiff in this litigation), thereafter waived the right to demand arbitration, by proceeding with this litigation in the Halifax County Superior Court and in this Court so far and in such a manner that Farm Bureau has been prejudiced. Specifically, Farm Bureau appeared herein as Unnamed Defendant and expended significant resources in doing so.

5. Further, Mrs. Sykes made use of judicial discovery procedures not available in arbitration when she failed to respond to the Marcaccios' written discovery requests, forcing the filing and hearing of a motion to compel and a motion for sanctions, ultimately producing those records only after being ordered to do so by the Court, and when she failed to respond to Farm Bureau's request for her complete medical records subsequent to the automobile accident at issue and from the ten years prior to that accident.

6. The Marcaccios have the constitutional right to have Plaintiff's damages against them assessed by a jury, but the Court concludes that under present North Carolina law, the Marcaccios' right to a trial by jury would be fully protected in the event that Plaintiff had a right to compel arbitration.

Plaintiff appealed the order denying her demand for arbitration to this Court.

Discussion

Plaintiff makes two arguments regarding the 15 March 2010 order.[1] She first contends that under *Register v. White*, 358 N.C. 691, 698, 599 S.E.2d 549, 555 (2004), Liberty Mutual exhausted its policy limits when it tendered the limits of its policy in a settlement offer and that the trial court therefore erred in concluding she had no right yet to demand arbitration. Second, she argues the trial court erred in concluding that she waived her right to demand arbitration because Farm Bureau failed to show that it was prejudiced and because she did not take advantage of discovery methods not available in arbitration. Because we agree that plaintiff waived her right to demand arbitration, we do not address plaintiff's *Register* argument.

It is well established that arbitration may be waived because it is a right arising from contract. *Douglas v. McVicker*, 150 N.C. App. 705, 706, 564 S.E.2d 622, 623 (2002). Whether a party has waived this right is a question of fact, and the trial court's findings of fact are binding on appeal when supported by competent evidence. *Id.* " '[B]ecause of the strong public policy in North Carolina favoring arbitration, courts must closely scrutinize any allegation of waiver of such a favored right.' " *N.C. Farm Bureau Mut. Ins. Co. v. Sematoski*, 195 N.C. App. 304, 308, 672 S.E.2d 90, 93 (2009) (quoting *Cyclone Roofing Co. v. David M. La Fave Co.*, 312 N.C. 224, 229, 321 S.E.2d 872, 876 (1984)).

In *Servomation Corp. v. Hickory Constr. Co.*, 316 N.C. 543, 544, 342 S.E.2d 853, 854 (1986), our Supreme Court noted that a party waives the right to compel arbitration if it acts inconsistently with arbitration, and the party opposing arbitration is prejudiced by those actions. The Supreme Court explained that "[a] party may be prejudiced by his adversary's delay in seeking arbitration if (1) it is forced to bear the expense of a long trial, (2) it loses helpful evidence, (3) it takes steps in litigation to its detriment or expends significant amounts of money on the litigation, or (4) its opponent makes use of judicial discovery procedures not available in arbitration." *Id. Accord Cyclone Roofing Co.*, 312 N.C. at 229-30, 321 S.E.2d at 876-77 (finding similar actions may prejudice a party when opposing party delays in requesting arbitration). Filing of pleadings alone does not waive the right to compel arbitration. *Id.* at 230, 321 S.E.2d at 877.

---

1. As plaintiff acknowledges, the order denying arbitration is interlocutory. An order denying arbitration is, however, immediately appealable as it affects a substantial right. *Edwards v. Taylor*, 182 N.C. App. 722, 724, 643 S.E.2d 51, 53 (2007).

Here, the trial court concluded that plaintiff waived her right of arbitration by proceeding with litigation "so far and in such a manner" that Farm Bureau was prejudiced by appearing as an unnamed defendant and expending "significant resources." The court alternatively concluded that waiver occurred because plaintiff used judicial discovery procedures that are not available in arbitration, primarily by failing to respond to discovery.

We agree with plaintiff that the trial court erred in reaching the latter conclusion. Neither the findings of fact nor the record contain any indication that plaintiff sought discovery from either the Marcaccios or Farm Bureau. Responding to discovery requests promulgated by an opposing party—or, in this case, failing to respond to discovery requests—does not constitute making use of discovery not available in arbitration.

As for the trial court's conclusion that Farm Bureau was prejudiced by plaintiff's delay in demanding arbitration by having to expend significant resources to defend the suit, plaintiff contends that "there is no record evidence to support the finding or conclusion" that Farm Bureau expended significant resources in this matter. We disagree.

This Court has consistently held that when considering whether a delay in requesting arbitration resulted in significant expense for the party opposing arbitration, the trial court must make findings (1) whether the expenses occurred after the right to arbitration accrued, and (2) whether the expenses could have been avoided through an earlier demand for arbitration. *See Culbertson v. REO Props. Corp.*, 194 N.C. App. 793, 798-99, 670 S.E.2d 316, 320 (2009) (remanding for failure to make findings whether expenses could have been avoided if earlier arbitration request made and whether expenses were incurred after the right to request arbitration accrued). *See also McCrary v. Byrd*, 148 N.C. App. 630, 639-40, 559 S.E.2d 821, 827 (2002) (remanding matter where there was no finding whether legal fees resulted from delay in arbitration or whether they were incurred prior to demand for arbitration), *disc. review denied and cert. denied*, 356 N.C. 674, 577 S.E.2d 625 (2003); *Miller Bldg. Corp. v. Coastline Assocs. Ltd. P'ship*, 105 N.C. App. 58, 63, 411 S.E.2d 420, 423 (1992) ("In order to constitute prejudice, plaintiff would have had to expend funds because of defendants' delay in demanding arbitration."); *Prime South Homes, Inc. v. Byrd*, 102 N.C. App. 255, 261, 401 S.E.2d 822, 826-27 (1991) (affirming trial court's finding of prejudice where defendants spent more than $10,000.00 in legal fees they would

not have incurred had arbitration been demanded earlier, and where plaintiff took advantage of discovery not available in arbitration).

Plaintiff contends that the right to demand arbitration accrued on 24 February 2007. Eight months later, Mr. Sykes filed suit on his mother's behalf, requesting a jury trial, necessarily including a jury determination of damages—the issue that plaintiff now seeks to arbitrate. At that time, Mr. Sykes discussed with Farm Bureau's counsel his intent to proceed through a jury trial, including talking about the details of prosecuting the action.

Over the next two years, following the filing of the lawsuit with its jury demand, Mr. Sykes, his mother, and plaintiff did not give any indication that they had changed their minds about proceeding with a jury trial. During that two-year period, the Marcaccios filed multiple motions requiring two separate hearings, and plaintiff filed three motions requiring another hearing. Farm Bureau's counsel attended each hearing. In addition, plaintiff twice obtained a continuance of the trial. None of this time or the related costs would have been expended in an arbitration. It was only on the eve of the second trial date that plaintiff finally demanded arbitration.

Additionally, Timothy W. Wilson, who represents Farm Bureau in this matter, submitted an affidavit to the trial court stating:

> Farm Bureau took significant steps in this litigation to its detriment and expended a significant amount of money on the litigation, through appearance by the undersigned at numerous hearings in both Halifax County Superior Court and Nash County Superior Court, on multiple motions filed by multiple parties.

While Wilson did not quantify the expenses, the trial court's specific findings regarding what occurred during the superior court proceedings and the Wilson affidavit are sufficient to support the ultimate finding that Farm Bureau expended "significant resources," sufficient to constitute prejudice. We can conclude without specific dollar amounts that attendance by counsel at multiple hearings and defense of a litigation over a two-year period (with the case being twice calendared for trial as well as other hearings) involves "significant resources." As our Supreme Court has stated, "[J]ustice does not require that courts profess to be more ignorant than the rest of mankind." *State v. Vick*, 213 N.C. 235, 238, 195 S.E. 779, 781 (1938).

In support of her argument that the trial court was required to make specific findings regarding how much money Farm Bureau

spent, plaintiff relies on *Sullivan v. Bright*, 129 N.C. App. 84, 87, 497 S.E.2d 118, 120-21 (1998). In *Sullivan*, however, Farm Bureau, the plaintiff's UIM carrier, argued that it was prejudiced only because during the time the plaintiff delayed seeking arbitration, the plaintiff proceeded to take two depositions. *Id.* The trial court did not identify any other proceedings that would have entailed time and expense unnecessary in the event of an arbitration. This Court then concluded that the defendant may well have been required to attend those same depositions even in an arbitration proceeding. *Id.*, 497 S.E.2d at 121. Consequently, the trial court's order and the evidence did not identify any specific expense that would not have been incurred but for the belated demand for arbitration.

Here, we have specific legal proceedings over a two-year period that entailed legal expenses and effort that would have been unnecessary had a demand for arbitration been made earlier. This case is factually similar to *Big Valley Home Ctr., Inc. v. Mullican*, 774 So.2d 558, 562 (Ala. 2000), in which the plaintiff filed a complaint on 24 October 1996, and one of the defendants waited for more than two years before filing a motion to compel arbitration. During that time, the co-defendant had answered the complaint, the plaintiff was deposed, the trial was continued five times, two judges were recused, and a settlement offer was made to the plaintiff. *Id.* The Alabama Supreme Court held that the plaintiff's attorneys "had invested time and money preparing for a trial on the merits. Had [the co-defendant] desired to arbitrate, then it had ample time and opportunity before the eve of trial for it to seek to do so." *Id.* The Court, therefore, held that the trial court properly found that the co-defendant had waived its right to arbitration. *Id.*

We find the reasoning in *Big Valley* persuasive. We hold that the trial court properly concluded that plaintiff waived the right to arbitrate by waiting until the eve of the second trial date to file a motion to compel arbitration, causing Farm Bureau, over more than two years, to prepare for and attend three court hearings and engage in other defense activities, resulting in an expenditure of resources (including time and expense) that would have been unnecessary had plaintiff moved to compel arbitration earlier.

While the better practice would be for the carrier to provide specific information about the time and expense incurred and for the trial court to make findings of fact based on that information, the findings of fact in this case are minimally sufficient to establish waiver. We hold that the trial court's conclusion of law that Farm

Bureau was prejudiced by the delay because it was required to spend a significant amount of resources to defend the suit is supported by competent findings of fact.[2] We, therefore, affirm the order denying the motion to compel arbitration.

Affirmed.

Judges STEELMAN and STEPHENS concur.

---

2. Farm Bureau also contends that valuable evidence was lost due to plaintiff's delay in demanding arbitration. The trial court did not rely upon this basis in its decision and, therefore, we do not address this contention.