BERGER, Judge.
 

 *682
 
 Deutsche Bank Trust Company Americas as Indenture Trustee for the Registered Holders of Saxon Asset Securities Trust 2004-1 Mortgage Loan Asset Backed Notes and Certificates, Series 2004-1, Ocwen Loan Servicing, LLC, and Trustee Services of Carolina, LLC ("Defendants") appeal the trial court's order, which denied their motion to compel John E. Wygand and Norma S. Wygand ("Plaintiffs") to submit to binding arbitration. Defendants argue in this interlocutory appeal that they have the contractual right to demand arbitration. For the reasons stated herein, we reverse and remand.
 

 Factual and Procedural Background
 

 On July 2, 1998, Plaintiffs executed a Note in favor of Saxon Mortgage Corporation, which called for monthly installment payments consisting of principal and interest. The Note was secured by a Deed of Trust on Plaintiffs' primary residence located in New Bern, North Carolina. In connection with the loan, Plaintiffs executed an Arbitration Rider, which supplemented the provisions of the Deed of Trust. The Arbitration Rider stated in pertinent part:
 

 ARBITRATION OF DISPUTES. All disputes, claims, or controversies arising from or related to the loan evidenced by the Note, including statutory claims, shall be resolved by binding arbitration, and not by court action, except as provided under "Exclusions from Arbitration" below. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act (
 
 9 U.S.C. §§ 1
 
 - 14 ) and the Code of Procedure of the National Arbitration Forum as in effect as of the date of this agreement. ... Any arbitration hearing shall be conducted in the jurisdiction in which the Borrower signs this agreement, unless a different location is agreed to by Borrower and Lender. ...
 

 EXCLUSION FROM ARBITRATION. This agreement shall not limit the right of Lender to (a) accelerate or require
 
 *683
 
 immediate payment in full of the secured indebtedness or exercise the other Remedies described in this Security Instrument before, during, or after any arbitration, including the right to foreclose against or sell the Property ....
 

 NOTICE. BY SIGNING THIS ARBITRATION RIDER YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS DESCRIBED IN THE 'ARBITRATION OF DISPUTES' SECTION ABOVE DECIDED EXCLUSIVELY BY ARBITRATION, AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT HAVE TO LITIGATE DISPUTES IN A COURT OR JURY TRIAL, DISCOVERY IN ARBITRATION PROCEEDINGS IS LIMITED
 

 *685
 
 IN THE MANNER PROVIDED BY THIS AGREEMENT. ("Notice Provision").
 

 In February 2017, Trustee Services of Carolina, LLC commenced a special proceeding in Craven County seeking to exercise the power of sale provision in the Deed of Trust, and foreclose on Plaintiffs' real property. The foreclosure proceeding remains pending in Craven County.
 

 On July 17, Plaintiffs filed suit in Craven County and demanded a jury trial against Defendants, alleging causes of action for breach of contract; violations of the North Carolina Debt Collection Act, North Carolina Unfair and Deceptive Trade Practices Act, North Carolina Mortgage Debt Collection and Servicing Act; defamation; and negligence. In addition, Plaintiffs sought a temporary restraining order, preliminary injunction, and permanent injunction. Defendants then filed a motion for an extension of time to file an answer or other responsive pleadings in response to Plaintiffs' complaint. On September 21, Defendants filed their answer and affirmative defenses. Plaintiffs then filed their First Set of Interrogatories and Requests for Production of Documents on September 27. After obtaining an extension of time to answer, Defendants provided their responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents on November 27. Also, on December 22, Defendants filed a motion for substitution of counsel, and an order was entered on January 10, 2018, granting this motion.
 

 On March 16, 2018, Defendants filed a motion to dismiss, or in the alternative, to compel arbitration. Plaintiffs filed a response and memorandum of law in opposition to Defendants' motion on May 4. In support, Plaintiffs provided an Affidavit of Joseph Z. Frost ("Attorney's Affidavit"), which stated, among other things, that "through May 3, 2018,
 
 *684
 
 Plaintiffs have incurred actual attorneys' fees, expenses, and costs in the amount of $ 40,164.51, relating to the preparation, filing, and prosecution of the above-captioned civil action, and defense of the special proceeding filed by Defendants, seeking to exercise the power of sale provision in the Deed of Trust." On March 21, the parties participated in a mediation, which resulted in a recess. Upon Defendants' request, on May 14, the trial date was moved from July 9 to August 8.
 

 After a hearing was held on Defendants' motion to compel arbitration, the trial court entered an order on May 30, 2018, denying Defendants' motion ("Order Denying Arbitration"). In its Order Denying Arbitration, the trial court made the following pertinent findings and conclusions:
 

 3. The Arbitration Rider is unconscionable and unenforceable pursuant to N.C. Gen. Stat. § 22B-10, as a matter of law, because it required that Plaintiffs, as the purported contracting parties, waive their right to jury trial. Although contractual provisions may provide procedural prerequisites or contractually limit the time, place, or manner or asserting claims, N.C. Gen. Stat. § 22B-10 expressly prohibits "any provision in a contract requiring a party to the contract to waive his right to a jury trial ..." N.C. Gen. Stat. § 22B-10. The Arbitration Rider, which does not contain a severability clause, contains an unenforceable provision requiring Plaintiffs, as the contracting parties, to "GIV[E] UP ANY RIGHTS YOU MIGHT HAVE TO LITIGATE DISPUTES IN A COURT OR JURY TRIAL." In the absence of a severability clause, and based upon the explicit language of the Arbitration Rider requiring that Plaintiffs waive or "give up" their right to a jury trial, the Arbitration Rider is unconscionable and unenforceable, pursuant to N.C. Gen. Stat. § 22B-10, as a matter of law.
 

 4. However, and even if the Arbitration Rider was not unenforceable as a matter of law pursuant to N.C. Gen. Stat. § 22B-10, Defendants-by and through its course of conduct and actions-have waived any purported right to compel or require arbitration of the claims for relief asserted in the Complaint filed by Plaintiffs. ...
 

 Defendants appeal, arguing that the trial court erred when it denied their motion to compel arbitration. We agree.
 

 *686
 

 *685
 

 Analysis
 

 We must initially note that Defendants' appeal is interlocutory. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."
 
 Veazey v. City of Durham
 
 ,
 
 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (1950) (citation omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments. It is, however, well established that an order denying a motion to compel arbitration [affects a substantial right and] is immediately appealable."
 
 Cornelius v. Lipscomb
 
 ,
 
 224 N.C. App. 14
 
 , 16,
 
 734 S.E.2d 870
 
 , 871 (2012) (citations and quotation marks omitted). Therefore, Defendants' appeal is properly before us.
 

 The standard governing our review of this case is that findings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if ... there is evidence to the contrary. Conclusions of law drawn by the trial court from its findings of fact are reviewable
 
 de novo
 
 on appeal. Because unconscionability is a question of law, this Court will review
 
 de novo
 
 the trial court's conclusion that the arbitration agreement contained in plaintiffs' loan agreements is unconscionable.
 

 Tillman v. Commercial Credit Loans, Inc.
 
 ,
 
 362 N.C. 93
 
 , 100-01,
 
 655 S.E.2d 362
 
 , 369 (2008) (citations and quotation marks omitted).
 

 Defendants contend that the trial court erred in concluding that the Arbitration Rider was unconscionable pursuant to N.C. Gen. Stat. § 22B-10. We agree.
 

 Section 22B-10 states:
 

 Any provision in a contract requiring a party to the contract to waive his right to a jury trial is unconscionable as a matter of law and the provision shall be unenforceable. This section does not prohibit parties from entering into agreements to arbitrate or engage in other forms of alternative dispute resolution.
 

 N.C. Gen. Stat. § 22B-10 (2017). Section 22B-10 cannot be read as equating contracts
 
 with
 
 an arbitration clause to those contracts
 
 that do not contain
 
 an arbitration clause. The language of this section could not be clearer: the proscription against contractual waivers of jury trials "
 
 does not prohibit
 
 parties from entering into agreements to arbitrate or
 
 *686
 
 engage in other forms of alternative dispute resolution." N.C. Gen. Stat. § 22B-10 (emphasis added).
 

 Moreover, "North Carolina has a strong public policy favoring arbitration of disputes between parties. Our strong public policy requires that the courts resolve any doubts concerning the scope of arbitrable issues in favor of arbitration."
 
 Miller v. Two State Constr. Co.
 
 ,
 
 118 N.C. App. 412
 
 , 416,
 
 455 S.E.2d 678
 
 , 680-81 (1995) (citations and quotation marks omitted). "Once an agreement to arbitrate is found, courts should compel arbitration on a party's motion and then step back and take a hands-off attitude during the arbitration proceeding."
 
 Id.
 
 at 415,
 
 455 S.E.2d at 680
 
 (citation and quotation marks omitted).
 

 "An agreement to arbitrate a dispute is not an unenforceable contract requiring waiver of a jury," and "there is no constitutional impediment to arbitration agreements."
 
 Id.
 
 at 416-17,
 
 455 S.E.2d at 681
 
 . In
 
 Miller v. Two State Construction Company
 
 , this Court held that "the trial court erred in concluding that because the arbitration provision did not provide for trial of facts by a jury that it was unconscionable and unenforceable under North Carolina General Statutes § 22B-10, and in violation of Article I §§ 18 and 25 of the North Carolina Constitution."
 
 Miller
 
 ,
 
 118 N.C. App. at 416
 
 ,
 
 455 S.E.2d at 681
 
 .
 

 Thus, Section 22B-10 expressly permits parties to enter into arbitration agreements. "Arbitration may be defined as a method for the settlement of disputes and differences between two or more parties, whereby such disputes are submitted to the decision of one or more persons specially nominated for the purpose, either instead of having recourse to an action at law, or, by order of the Court, after such action has been commenced."
 
 Arbitration
 
 , BLACK'S LAW DICTIONARY (10th ed. 2014) (quoting John P.H. Soper,
 
 A Treatise on the Law and Practice of Arbitrations and Awards
 
 1 (David M. Lawrence ed., 5th ed.
 

 *687
 
 1935)). Further, this Court has stated that arbitration is "a process to privately adjudicate a final and binding settlement of disputed matters quickly and efficiently, without the costs and delays inherent in litigation."
 
 Canadian Am. Ass'n of Prof'l Baseball, Ltd. v. Ottawa Rapidz
 
 ,
 
 213 N.C. App. 15
 
 , 18,
 
 711 S.E.2d 834
 
 , 837 (2011) (citation and quotation marks omitted). Therefore, arbitration necessarily settles disputed matters without a jury trial.
 

 Here, the Notice Provision simply explains that by agreeing to arbitration, any disputes would be settled without a jury. Such contractual provisions which define or explain arbitration do not run afoul of Section 22B-10, and including an explanation of what a party forfeits when it agrees to arbitrate any disputes in an arbitration agreement does not
 
 *687
 
 render the arbitration agreement unenforceable. Accordingly, the trial court erred when it concluded that the Arbitration Rider was unconscionable pursuant to Section 22B-10.
 

 Even if Section 22B-10 could be read as allowing arbitration clauses, yet precluding waivers of jury trials, here, the Arbitration Rider is still enforceable pursuant to the Federal Arbitration Act.
 

 "[S]tate law generally governs issues concerning the formation, revocability, and enforcement of arbitration agreements."
 
 Park v. Merrill Lynch
 
 ,
 
 159 N.C. App. 120
 
 , 122,
 
 582 S.E.2d 375
 
 , 378 (2003). However, "[i]f the parties affirmatively chose the FAA to govern an agreement to arbitrate, then the FAA will apply to that agreement."
 
 Bailey v. Ford Motor Co.
 
 ,
 
 244 N.C. App. 346
 
 , 350,
 
 780 S.E.2d 920
 
 , 924 (2015) (citation omitted) (determining that the FAA applied to any disputes arising from the parties' arbitration agreement after noting the trial court should have addressed this issue).
 
 [1]
 
 The FAA is "enforceable in both state and federal courts,"
 
 Park
 
 ,
 
 159 N.C. App. at 122
 
 ,
 
 582 S.E.2d at 377
 
 , and "the FAA preempts conflicting state law, including any state statutes that render arbitration agreements unenforceable."
 
 Sillins v. Ness
 
 ,
 
 164 N.C. App. 755
 
 , 757,
 
 596 S.E.2d 874
 
 , 876 (2004). More specifically, "[t]he FAA only preempts state rules of contract formation which single out arbitration clauses and unreasonably burden the ability to form arbitration agreements ... with conditions on (their) formation and execution ... which are not part of the generally applicable contract law."
 
 Park
 
 ,
 
 159 N.C. App. at 122
 
 ,
 
 582 S.E.2d at 378
 
 (citations and quotation marks omitted).
 

 [T]he United States Supreme Court has issued two important opinions on the use of state law to set aside an arbitration agreement when that agreement is governed by the FAA:
 
 AT&T Mobility v. Concepcion
 
 , [
 
 563 U.S. 333
 
 ,
 
 131 S.Ct. 1740
 
 ],
 
 179 L. Ed. 2d 742
 
 (2011) (determining that the FAA preempted California's judicial rule prohibiting class waivers in consumer arbitration agreements contained within contracts of adhesion) and
 
 American Express Co. v. Italian Colors Rest.
 
 [
 
 570 U.S. 228
 
 ,
 
 133 S.Ct. 2304
 
 ],
 
 186 L. Ed. 2d 417
 
 (2013) (holding that the FAA does not permit courts to invalidate an arbitration agreement on the grounds that it does not permit class arbitration).
 

 King v. Bryant
 
 ,
 
 369 N.C. 451
 
 , 459-60,
 
 795 S.E.2d 340
 
 , 346,
 
 cert. denied
 
 , --- U.S. ----,
 
 138 S. Ct. 314
 
 ,
 
 199 L. Ed. 2d 233
 
 (2017) (citation and quotation marks omitted).
 

 *688
 
 Our Supreme Court then emphasized that, "[w]hile both
 
 Concepcion
 
 and
 
 Italian Colors
 
 dealt with class action waivers,
 
 underlying those decisions was a broader theme that unconscionability attacks that are directed at the arbitration process itself will no longer be tolerated
 
 ."
 
 Id.
 
 at 460,
 
 795 S.E.2d at 346
 
 (quoting
 
 Torrence v. Nationwide Budget Finance
 
 ,
 
 232 N.C. App. 306
 
 , 321,
 
 753 S.E.2d 802
 
 , 811 (2014) ) (emphasis added).
 

 As stated above, Section 22B-10 does not burden the formation of contracts with arbitration clauses. However, even if we presume
 
 arguendo
 
 that it does, the contract dictates that FAA governs review of the Arbitration Rider. Because the FAA preempts state statutes that render arbitration agreements unenforceable, Section 22B-10 cannot be interpreted or used to set aside the parties' Arbitration Rider, and the trial court erred when it purported to interpret
 
 *688
 
 Section 22B-10 to render the Arbitration Rider unconscionable.
 

 In addition, the trial court's Order Denying Arbitration concluded that, even if the Arbitration Rider was enforceable, Defendants had waived their right to compel arbitration by utilizing the "litigation machinery," which in turn, prejudiced Plaintiffs. On appeal, Defendants argue these conclusions are erroneous. We agree.
 

 As stated above, "state law generally governs issues concerning the formation, revocability, and enforcement of arbitration agreements."
 
 Park
 
 ,
 
 159 N.C. App. at 122
 
 ,
 
 582 S.E.2d at 378
 
 . "Since the right to arbitration arises from contract, it may be waived in certain instances."
 
 T.M.C.S., Inc. v. Marco Contractors, Inc.
 
 ,
 
 244 N.C. App. 330
 
 , 340,
 
 780 S.E.2d 588
 
 , 595 (2015) (citation omitted).
 

 Waiver of a contractual right to arbitration is a question of fact. Because of the strong public policy in North Carolina favoring arbitration, courts must closely scrutinize any allegation of waiver of such a favored right. Because of the reluctance to find waiver, we hold that a party has impliedly waived its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration.
 

 A party may be prejudiced if, for example, it is forced to bear the expenses of a lengthy trial; evidence helpful to a party is lost because of delay in the seeking of arbitration; a party's opponent takes advantage of judicial discovery procedures not available in arbitration; or, by reason of
 
 *689
 
 delay, a party has taken steps in litigation to its detriment or expended significant amounts of money thereupon.
 

 Cyclone Roofing Co. v. David M. LaFave Co.
 
 ,
 
 312 N.C. 224
 
 , 229-30,
 
 321 S.E.2d 872
 
 , 876-77 (1984) (citations omitted).
 

 "[T]he mere filing of pleadings by both parties to a contract containing an arbitration agreement does not constitute waiver of the arbitration provision as a matter of law[.]"
 
 Id.
 
 at 232,
 
 321 S.E.2d at 878
 
 . Also, "[r]esponding to discovery requests promulgated by an opposing party-or ... failing to respond to discovery requests-does not constitute making use of discovery not available in arbitration."
 
 Herbert v. Marcaccio
 
 ,
 
 213 N.C. App. 563
 
 , 568,
 
 713 S.E.2d 531
 
 , 535 (2011). In addition, "inconveniences and expenses consistent with normal trial preparation" will not be considered detrimental spending.
 
 Smith v. Young Moving & Storage, Inc.
 
 ,
 
 141 N.C. App. 469
 
 , 473,
 
 540 S.E.2d 383
 
 , 386 (2000) (citations and quotation marks omitted).
 

 Moreover, "when considering whether a delay in requesting arbitration resulted in significant expense for the party opposing arbitration, the trial court must make findings (1) whether the expenses occurred after the right to arbitration accrued, and (2) whether the expenses could have been avoided through an earlier demand for arbitration."
 
 Herbert
 
 , 213 N.C. App. at 568,
 
 713 S.E.2d at 536
 
 . When the trial court fails to make findings indicating whether any legal fees incurred resulted from delay in demanding arbitration or whether they were incurred prior to a demand for arbitration, a trial court cannot conclude the party opposing arbitration was prejudiced by having expended significant expenses in litigation costs.
 
 McCrary ex rel. McCrary v. Byrd
 
 ,
 
 148 N.C. App. 630
 
 , 639-40,
 
 559 S.E.2d 821
 
 , 827 (2002) (emphasizing that expenses incurred in pursuit of claims in a separate action cannot be calculated to support a finding of significant expense).
 

 Here, the trial court made the following findings regarding Defendants' actions and conduct inconsistent with arbitration:
 

 A. The filing of multiple pleadings with this Court, including the Answer and requests for extensions of certain deadlines and continuances of the Trial, which neglected to raise any right to demand arbitration relief under the Arbitration Rider or otherwise requesting-at any point between service of the Complaint on July 21, 2017, through March 15, 2018-to compel arbitration of the claims for relief in the Complaint;
 

 *689
 

 *690
 
 B. The commencement and continued prosecution of the Foreclosure Proceeding, seeking to foreclose on its purported interest, lien and encumbrance in the Property, which involved the same legal and factual issues as those affirmative claims asserted by Plaintiffs in the Complaint;
 

 C. Agreeing to, and participating in, the Mediation, which was recessed and not declared an impasse by the Mediator;
 

 D. Engaging in certain actions and pursuing a litigation strategy, in the above-captioned civil action, which resulted in Plaintiffs expending additional attorneys' fees, expenses, and costs associated with litigating the matter before this Court; and
 

 E. Preparing and serving on Plaintiffs, through their counsel, the Ocwen Written Discovery Responses, which included production of thousands of pages of documents, materials, and items in connection therewith.
 

 Although Defendants did file an answer in response to Plaintiffs' complaint, "the mere filing of pleadings by both parties to a contract containing an arbitration agreement does not constitute waiver of the arbitration provision as a matter of law[.]"
 
 Cyclone Roofing Co.
 
 ,
 
 312 N.C. at 232
 
 ,
 
 321 S.E.2d at 878
 
 . Moreover, Plaintiffs, not Defendants, initiated discovery when Plaintiffs filed their First Set of Interrogatories and Requests for Production of Documents on September 27, 2017. Because "[r]esponding to discovery requests promulgated by an opposing party ... does not constitute making use of discovery not available in arbitration,"
 
 Herbert
 
 , 213 N.C. App. at 568,
 
 713 S.E.2d at 535
 
 , Defendants' responses cannot be considered making use of the litigation machinery. Furthermore, after moving for arbitration, "subsequent participation in mediation, absent a specific waiver of arbitration, is not 'inconsistent with arbitration' and does not constitute an implied waiver of arbitration."
 
 O'Neal Constr., Inc. v. Leonard S. Gibbs Grading, Inc.
 
 ,
 
 121 N.C. App. 577
 
 , 580-81,
 
 468 S.E.2d 248
 
 , 250 (1996) (citation omitted). Because Defendants did not delay in moving for arbitration or act inconsistently with arbitration, the trial court erred in determining that Defendants had waived their right to arbitration under this factor.
 

 The trial court also made the following findings regarding how Plaintiffs were prejudiced by its expenditure of $ 40,164.51 and 112 hours of legal services:
 

 *691
 
 6. The delay by Defendants in electing to exercising (
 
 sic
 
 ) their purported rights to demand arbitration under the Arbitration Rider, in addition to the foregoing inconsistent actions and steps that they undertook, were prejudicial to Plaintiffs, as they were required to expend significant time, resources, and expenses in prosecuting and litigating this action following the filing of the Complaint with this Court on July 17, 2017, which is the time at which Defendants' purported right to arbitration, under the Arbitration Rider, accrued.
 

 7. All of the costs and expenses that Plaintiffs have incurred, including the substantial attorneys' fees and expenses reflected in the Attorney's Affidavit, totaling $ 40,164.51, were attributable solely to the positions taken by Defendants, were for naught if this action were to be abruptly sent to arbitration after engaging in pretrial discovery in this multi-proceeding litigation.
 

 The Attorney's Affidavit indicated that a substantial amount of time and effort had been expended in "preparing the requisite pleadings, and attending the hearings held by the Court, preparation of written discovery and reviewing responses and any responsive documentation produced in connection therewith, both in the above-captioned civil action, and the related special proceeding." The Attorney's Affidavit further noted that "through May 3, 2018, Plaintiffs have incurred actual attorneys' fees, expenses, and costs in the amount of $ 40,164.51, relating to the preparation, filing, and prosecution of the above-captioned civil action, and defense of the special proceeding filed by Defendants, seeking to exercise the power of sale provision in the Deed of Trust."
 

 Although the Affidavit indicates that 112 hours of legal services and $ 40,164.51 had been expended, the Affidavit does not distinguish
 
 *690
 
 how much time or expense was actually expended on filing suit and pursing
 
 this proceeding
 
 as opposed to the special proceeding. The special proceeding was not only excluded from arbitration as stated in the Arbitration Rider, but it was also filed prior to July 17, 2017. Thus, any time or expense spent on that proceeding are immaterial to our determination of prejudice in this proceeding.
 
 McCrary
 
 ,
 
 148 N.C. App. at 639-40
 
 ,
 
 559 S.E.2d at 827
 
 . Because it is unclear how much money Plaintiffs have expended in legal fees prior to and after Defendants' demand for arbitration, the trial court erred in concluding Plaintiffs were prejudiced by having expended $ 40,164.51 in litigation costs.
 
 *692
 
 Thus, the trial court also erred when it concluded that Defendants had waived their contractual right to compel arbitration by acting inconsistently with arbitration, and that as a result, Plaintiffs had been prejudiced. Accordingly, we reverse and remand the trial court's Order Denying Arbitration.
 

 Conclusion
 

 The trial court erred in concluding that the Arbitration Rider was unconscionable. The trial court also erred when it concluded in the alternative, that Defendants had waived their right to compel arbitration through their course of conduct, which in turn, prejudiced Plaintiffs. Therefore, we reverse and remand for entry of an order directing the parties to submit to arbitration consistent with the terms of the Arbitration Rider and the FAA.
 

 REVERSED AND REMANDED.
 

 Chief Judge MCGEE and Judge TYSON concur.
 

 [1]
 

 On appeal, Plaintiffs do not dispute the applicability of the FAA.