IN THE SUPREME COURT OF NORTH CAROLINA

No. 384PA12

FILED 28 AUGUST 2013

HCW RETIREMENT AND FINANCIAL SERVICES, LLC, a North Carolina limited liability company; HCWRFS, LLC, formerly Hill, Chesson & Woody Retirement & Financial Services, LLC, a North Carolina limited liability company; and WILTON R. DRAKE, III

v.

HCW EMPLOYEE BENEFIT SERVICES, LLC, a North Carolina limited liability company; HILL, CHESSON & WOODY, INC., a North Carolina corporation; PRESTWICK SIX, LLC, a North Carolina limited liability company; FRANK S. WOODY, III; and TODD T. YATES

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 731 S.E.2d 181 (2012), affirming an order denying a motion to compel arbitration entered on 9 September 2011 by Judge Charles C. Lamm, Jr. in Superior Court, Orange County. Heard in the Supreme Court on 8 May 2013 by special session in the Old Chowan County Courthouse (1767) in the Town of Edenton pursuant to N.C.G.S. § 7A-10(a).

*Northen Blue, LLP, by J. William Blue, Jr., for plaintiff-appellees.*

*Coats & Bennett, PLLC, by Anthony J. Biller and Emily M. Haas; and Morris, Manning & Martin, LLP, by Keith D. Burns, for defendant-appellants Frank S. Woody, III and Todd T. Yates.*

HUDSON, Justice.

Here we address whether the individual defendants waived their contractual right to demand arbitration through actions inconsistent with arbitration rights

and prejudicial to plaintiffs. We conclude that plaintiffs have failed to prove such prejudicial actions. Therefore, we reverse the decision of the Court of Appeals and remand for further proceedings.

Frank Woody and Todd Yates (defendants), along with plaintiff Wilton Drake, are financial planners and advisers who each own and operate financial services businesses. On 12 August 2003, defendants and plaintiff Drake formed a limited liability company, Prescott Office Management. Defendants and plaintiff Drake each owned a one-third interest in Prescott, and the Operating Agreement provided that "[a]ll decisions and commitments regarding LLC matters shall be carried out by the Managers subsequent to the approval of 100% of the Members in order to be binding on the Company." Notwithstanding that provision, the Operating Agreement also specified certain actions that could be taken without approval of 100% of the Members, including amending the Operating Agreement itself, which could be accomplished "by Members holding 51% of the aggregate Company Ownership Interests." The Operating Agreement also contained an arbitration provision, which read in pertinent part:

> 14.10 <u>Arbitration.</u> Any dispute, controversy or claim arising out of or in connection with, or relating to, this Operating Agreement or any breach or alleged breach hereof shall, upon the request of any party involved, be submitted to, and settled by, arbitration in the State of North Carolina, pursuant to the commercial arbitration rules then in effect of the American Arbitration Association (or at any time or at any other place or under any other form of arbitration mutually acceptable to the

> parties so involved).  Any award rendered shall be final and conclusive upon the parties and a judgment theron [sic] may be entered in the highest court of the forum, state or federal, having jurisdiction.

Around the same time the parties formed Prescott Office Management, LLC, Prescott itself entered into an Operating Agreement with two other entities to form Prestwick Six, LLC.  Prescott owned a 50% interest in Prestwick.  As a result, Prestwick could not make most business decisions without the approval of Prescott, which at the time could not make most business decisions without the approval of all three Members (plaintiff Drake and defendants).  On or about 1 September 2004, Prestwick purchased an office condominium.  Subsequently, Prestwick leased space in its office condominium to plaintiff Drake's company, HCW Retirement & Financial Services, LLC ("RFS"), and to defendants' company, HCW Employee Benefit Services, LLC ("EBS").

No material changes in the corporate or office-sharing arrangements occurred from 2004 until 2010.  But in September 2010 defendants Yates and Woody, in their capacities as Members of Prescott, held a meeting without informing Drake and amended the Prescott Operating Agreement.  The amendments to the Operating Agreement allowed business decisions to be made with approval of 66% of the Members, rather than the previously required 100%.  These amendments effectively cut plaintiff Drake out of the decision-making process for Prescott.

Plaintiff Drake alleges, and defendants admit, that defendants used their control over Prescott—which therefore gave them 50% control over Prestwick—to decline to renew the lease between Prestwick and plaintiff Drake's company, RFS, when the lease terminated on 31 December 2010. Drake, along with his LLCs, filed suit against defendants EBS, Prestwick, Yates and Woody individually, and another corporation run in part by Yates and Woody. Although the suit contains numerous claims against the various defendants; this appeal addresses only the twelfth and thirteenth claims for relief, which relate to plaintiff Drake and defendants Yates and Woody individually.

Relevant here are plaintiff Drake's claims alleging breach of good faith by defendants as Members of Prescott and defendants' breach of fiduciary duty to a minority Member. In response, defendants filed a motion to compel arbitration on those two issues under section 14.10 of the Operating Agreement. During the pendency of the motion to compel arbitration but before it was heard, plaintiffs sought discovery from defendants on those and other issues but defendants objected on the basis that the claims were subject to arbitration. Also during that period, defendants deposed plaintiff Drake. During the course of the ten-to-eleven-hour deposition, plaintiff Drake was asked some questions regarding the twelfth and thirteenth claims for relief, despite defendants' refusal to respond to plaintiffs' discovery requests on those issues pending a ruling on the motion to compel arbitration. In their briefs the parties appear to agree that the questions related to

the arbitrable claims consumed approximately one hour of the ten-to-eleven-hour deposition and occupied exactly forty-eight pages of the lengthy transcript of the deposition.

The trial court denied the motion to compel arbitration on 8 September 2011. In its order the court found that the two claims in question "do not arise out of the Operating Agreement or any alleged breach or violation of the Operating Agreement." The court concluded that the claims "fall outside the substantive scope of the arbitration provisions of the Prescott Operating Agreement" and thus "the dispute is not subject to arbitration." In the alternative, the court also found that defendants, by deposing plaintiff Drake about the arbitrable claims after refusing to respond to Drake's discovery requests on the same issues, had utilized discovery procedures that were available in litigation under the Rules of Civil Procedure but "could occur in arbitration only with permission of the arbitrator." The court concluded that plaintiffs were prejudiced by these actions and that "by their acts and conduct with regard to discovery, Defendants Yates and Woody have impliedly waived any right that they might have to arbitration."

Defendants appealed. The Court of Appeals unanimously held that the trial court had erred in concluding that the claims were not arbitrable, but affirmed on the basis of waiver. *HCW Ret. & Fin. Servs., LLC v. HCW Emp. Benefit Servs., LLC*, ___ N.C. App. ___, ___, 731 S.E.2d 181, 193 (2012). In its opinion the Court of

Appeals panel cited to the rule that a party opposing a motion to compel arbitration based on waiver has the burden of proving prejudice and to this Court's prior holdings explaining what may constitute prejudice. *Id.* at ___, 731 S.E.2d at 189. The court concluded "that the trial court's determination that Defendants waived their right to have the relevant claims submitted to arbitration by engaging in discovery that would not have been available as a matter of right during the arbitration process" was supported by the record and therefore affirmed the trial court's order. *Id.* at ___, 731 S.E.2d at 190. Defendants sought discretionary review on the waiver issue, which this Court allowed. Because we conclude that plaintiff has failed to establish prejudicial actions, inconsistent with arbitration, we now reverse.

In *Cyclone Roofing Co. v. David M. LaFave Co.* this Court discussed waiver of contractual arbitration rights. 312 N.C. 224, 229-30, 321 S.E.2d 872, 876-77 (1984). After noting the strong public policy in favor of arbitration, this Court held that "a party has impliedly waived its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration." *Id.* at 229, 321 S.E.2d at 876 (footnote and citations omitted). The Court then described some examples of what would constitute such prejudice. *Id.* at 229-30, 321 S.E.2d at 876-77. Two years later this Court restated those examples concisely in *Servomation Corp. v. Hickory Construction Co.*:

>      A party may be prejudiced by his adversary's delay
> in seeking arbitration if (1) it is forced to bear the expense
> of a long trial, (2) it loses helpful evidence, (3) it takes
> steps in litigation to its detriment or expends significant
> amounts of money on the litigation, or (4) its opponent
> makes use of judicial discovery procedures not available
> in arbitration.

316 N.C. 543, 544, 342 S.E.2d 853, 854 (1986). In *Cyclone Roofing* this Court determined that the filing of pleadings and a month's delay before moving to compel arbitration did not constitute waiver when no discovery was conducted during the delay and no evidence was lost. 312 N.C. at 233, 321 S.E.2d at 878-79. In *Servomation* this Court decided that a party did not waive arbitration despite serving its opponent with "numerous interrogatories" that, as argued by opposing counsel, necessitated lengthy responses before moving to compel arbitration. 316 N.C. at 545, 342 S.E.2d at 854-55. The Court noted that no evidence presented by the party opposing arbitration showed that there had been a long trial, that any helpful evidence was lost, or that any steps in litigation were taken to the detriment of that party. *Id.* at 545, 342 S.E.2d at 854. Most importantly for the purposes of the current appeal, the Court in *Servomation* emphasized that "plaintiff has failed to demonstrate that the judicial discovery procedures used by defendant, or their equivalent, *would be unavailable in arbitration.*" *Id.* (emphasis added).

In reviewing *Cyclone Roofing* and *Servomation,* we have identified several important points. First, this Court has held that a party implicitly waives its right to compel arbitration when it takes actions inconsistent with arbitration that result

in prejudice to the opposing side. Second, the party opposing arbitration bears the burden of proving prejudice. Third, the use of judicial discovery procedures per se does not constitute prejudicial action; rather, the judicial discovery procedures employed must be unavailable in arbitration. *Cyclone Roofing*, 312 N.C. at 230, 321 S.E.2d at 877 (noting potential prejudice when "a party's opponent takes advantage of judicial discovery procedures not available in arbitration"); *see also Servomation*, 316 N.C. at 545, 342 S.E.2d at 854 (requiring for a finding of prejudice that "judicial discovery procedures used by defendant, or their equivalent, would be unavailable in arbitration").

Here, none of the first three examples of prejudicial action described in *Cyclone Roofing* and *Servomation* are at issue. There has been no lengthy trial, no allegation of helpful evidence lost, and no allegation of detrimental steps taken in litigation or significant expense incurred.[1] Plaintiffs rely solely on the alleged prejudicial effect of defendants' use of judicial discovery procedures in a manner inconsistent with arbitration rights.

Plaintiffs attempt to broaden the inquiry by arguing that the totality of the circumstances here—in which defendants refused to respond to plaintiffs' discovery requests, then took plaintiff Drake's deposition, then sought to terminate discovery

---

[1] Like the Court of Appeals, we recognize that plaintiffs must have incurred some expense in having counsel present for the single hour of deposition questions at issue in this appeal. We do not believe, and plaintiffs do not appear to argue, that this constitutes the type of significant expense contemplated by the Court in *Cyclone Roofing* and *Servomation*.

by calendaring the motion to compel arbitration—constitute prejudicial actions. We are not persuaded. Plaintiffs must show prejudice from actions "inconsistent with arbitration." *Cyclone Roofing*, 312 N.C. at 229, 321 S.E.2d at 876. Defendants' refusal to respond to discovery while the motion to compel was pending is an action consistent with arbitration. Only their taking of plaintiff Drake's deposition was possibly inconsistent with arbitration rights, and plaintiffs must show prejudice therefrom.

Here plaintiff Drake argues that by spending an hour on the arbitrable claims during his deposition, defendants "engag[ed] in discovery that could occur in arbitration only at the discretion of the arbitrator." The trial court found that "Defendants have utilized and benefited from discovery . . . that would be available in arbitration only if permitted by the arbitrator." The Court of Appeals affirmed the conclusion that "Defendants waived their right to have the relevant claims submitted to arbitration by engaging in discovery that would not have been available as a matter of right." *HCW Ret. & Fin. Servs.*, ___ N.C. App. at ___, 731 S.E.2d at 190. Each of the passages quoted above contains a subtle but important shift from the original *Cyclone Roofing* standard that the discovery employed be "unavailable in arbitration" to a standard requiring that the discovery employed be "available only at the discretion of the arbitrator" or "unavailable as a matter of right." This varies from the standard this Court has previously endorsed for prejudice under these circumstances: prior case law requires that the discovery

procedures employed be unavailable in arbitration, not just unavailable as a matter of right. If the arbitrator has discretion over the discovery procedures at issue, then they are not per se unavailable. Moreover, the opinion in *Servomation* suggests that discovery need not be exactly reciprocal. *See* 316 N.C. at 545, 342 S.E.2d at 854 (requiring for a finding of prejudice that "judicial discovery procedures used by defendant, *or their equivalent*, would be unavailable in arbitration" (emphasis added)). Plaintiffs here presented no evidence that the opportunity to question defendants about the twelfth and thirteenth claims for relief, whether in a formal deposition or some equivalent interview or examination, would be unavailable at arbitration.

Plaintiffs here have attempted to prove prejudice specifically because of defendants' use of discovery procedures not available in arbitration, but have offered no evidence that something equivalent to the one hour of deposition questions would not be available at arbitration. We conclude that plaintiffs have failed to prove prejudicial actions and therefore, that the trial court and Court of Appeals erred in finding waiver of contractual arbitration rights. The remaining issues addressed by the COA are not before this Court and its decision as to those issues remains undisturbed. We reverse the decision of the Court of Appeals affirming the trial court's order finding waiver and remand this case to that court for further remand to the trial court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.